CHARLES S. LINCOLN, trustee, *vs.* GEORGE F. ALDRICH & another.

Middlesex.    March 23.—25, 1886.    W. ALLEN & HOLMES, JJ., absent.

If a will is so ambiguous that a trustee appointed thereunder is unwilling to take the responsibility of action under it, his proper course is to seek the instructions of this court by a suit in equity, and not to render a fictitious account in the Probate Court for the purpose of settling the rights of the parties interested.

MORTON, C. J.    The appellee, in his fourth account as trustee under the will of George W. Perry, credits himself with the sums of $9375.03 and $357.19, as money and property paid and delivered to Benjamin F. Perry, husband and heir at law of Judith E. Perry.    The account having been allowed in the Probate Court, the appellants, one of whom is a brother and the other a niece of Judith E. Perry, appealed to this court.    The will of George W. Perry gives the fund which is in controversy to Judith E. Perry, " to have and to hold the same to her during her life, and, at her decease, to her heirs at law."    She left no issue, but she left a husband, and a brother and sister, and issue of a deceased brother and sister.    They respectively claim to be the heirs at law of Judith, within the meaning of the will. This presents a proper case for a suit in equity by the trustee to obtain the instructions of the court as to the construction of the will and the duty of the trustee.    In such a suit, all of the parties interested would have notice and an opportunity to be heard.

Instead of bringing such a suit, the trustee in this case is attempting to settle the rights of the parties by means of a fictitious account in the Probate Court.    If the trustee had in good faith paid and delivered the money and property to one of the claimants, it might be the duty of the court, in passing upon his account, to settle all the questions involved in his past action,

including the question of the true construction of the will. *New England Trust Co.* v. *Eaton*, 140 Mass. 532. But it is not the proper function of a probate court, in passing upon an account, to give instructions to a trustee as to his future duties.

It appears in this case that the trustee has not paid over or parted with the possession of the property which he has credited himself in said fourth account as having paid to Benjamin F. Perry, but retains it in his possession and control. In other. words, the account, so far as these items are concerned, is a fictitious one. We do not think this is a proper course. If the will is so ambiguous that the trustee is unwilling to take the responsibility of action under it, his proper course is to seek the instructions of the court by a suit in equity. In such suit, there is more certainty that all parties interested will have notice, and an opportunity to be heard, than there can be in a proceeding upon the allowance of a probate account, where the formal notice is by publication in a newspaper, which may not give actual notice to those interested.

We are of opinion that, as the case stands, the question of the construction of the will is not properly before us; and that the decree of the Probate Court should be reversed, because the account rendered by the trustee is not a true and just account.

*Decree reversed.*

*H. G. Parker*, for the appellee.
*J. B. Richardson*, for the appellants.