ANDREW J. BROWNE *vs.* FRANK L. DOOLITTLE.

Suffolk.    March 27, 1890. — June 20, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Estate of Deceased Person — Distribution — Creditors — Notice —*
*Probate Court.*

A decree of the Probate Court, allowing distribution of all the personal estate of a deceased person before the end of the two years of administration, is void as to creditors prosecuting their claims within that period, whether they have notice of it or not.

Creditors of the estate of a deceased person are parties interested in the question of the final settlement and distribution of the estate, and are entitled to notice thereof, within the meaning of the Pub. Sts. c. 156, § 37, providing that probate notices may be dispensed with when all "parties entitled thereto" give their assent in writing or waive notice.

If all the personal estate of a deceased person is distributed, under a decree of the Probate Court, before the debts of the estate are barred by the statute of limitations, a subsequent decree, reopening the administrator's account and directing him to pay to an administrator *de bonis non* the amount distributed, may be so modified as to require payment only of the amount necessary to settle the estate.

APPEAL from a decree of the Probate Court opening the account of Frank L. Doolittle, as administrator of the estate of Levi Doolittle, deceased, disallowing the disbursements therein stated among the next of kin of the intestate, and ordering such administrator to pay the amount thereof to Andrew J. Browne, as administrator *de bonis non* of the same estate. Hearing in this court, before *C. Allen,* J., who modified the decree so as to provide, among other things, that the original administrator should be required to pay to the administrator *de bonis non* only such sums as might be required in the settlement of the estate; and reported the case for the consideration of the full court. The facts appear in the opinion.

*E. R. Champlin,* for Doolittle.

*F. E. Snow,* for Browne.

W. ALLEN, J.  On September 1, 1884, Frank L. Doolittle was appointed administrator of Levi Doolittle, and gave bond and notice as required by law.  On January 5, 1885, he filed an account as administrator in the Probate Court, in which he

charged himself with the amount of personal estate according
to the inventory, $9,000, and asked allowance for $1,800 paid to
each of five persons named, $9,000 in all. These persons were
the distributees of the estate. They all assented in writing
to the allowance of the account, and no other notice of it was
given. On November 3, 1886, Frank L. Doolittle was removed
from office for failing to give additional bond, as ordered by
the Probate Court, and on February 28, 1888, the petitioner,
Browne, was appointed administrator *de bonis non*. All the per-
sonal estate described in the inventory filed by him was a claim
against the original administrator and his sureties for the $9,000
contained in his inventory, and paid by him to the distributees.
On August 31, 1886, an action of contract was commenced by
one Pennell against Frank L. Doolittle, as administrator, to re-
cover more than $9,000 alleged to have been due to the plaintiff
from the intestate, which action is still pending. In May, 1888,
the estate was represented insolvent on account of Pennell's
claim. On July 12, 1888, Browne filed in the Probate Court
a petition that the account of the administrator be reopened,
the payments allowed by it disallowed, and Frank L. Doolittle
ordered to pay the amount of them to the petitioner as admin-
istrator *de bonis non*. A decree was made in the Probate Court
reopening and disallowing the account, from which Frank L.
Doolittle took this appeal.

The accounting of an administrator and the distribution of the
estate are distinct and separate proceedings. A full accounting
is necessary before a full distribution can be made, and the distri-
bution comes after the settlement of the estate. The condition
of the bond of the administrator is to render a true account of
his administration, and to pay to such persons as the court may
direct any balance remaining in his hands upon the settlement
of his accounts. Pub. Sts. c. 130, § 2. Distribution is of the
balance remaining on the settlement of the administrator's ac-
count, and payments made to distributees are not properly items
in the account of administration. *Loring* v. *Steineman*, 1 Met.
204. *Granger* v. *Bassett*, 98 Mass. 462. *White* v. *Weatherbee*,
126 Mass. 450. *Pierce* v. *Prescott*, 128 Mass. 140. The paper
allowed as an account in this case did not ask allowance for any
payments, except those made to distributees. If we look behind

the form to the substance, it is an account under the Pub. Sts. c. 144, § 12, of payments made under a decree of distribution.

The statute provides that an administrator may perpetuate the evidence of payments, under a decree of distribution, by presenting to the Probate Court an account of such payments, and procuring its allowance as his final discharge. If the effect of a decree of distribution can be given to the allowance of an account of payment of all the personal estate to distributees, (see *Emery* v. *Batchelder*, 132 Mass. 452,) the question arises whether the court had authority to make such a decree. Four months after the appointment of the administrator, at his request and that of the distributees, and without notice to creditors or others, the decree allowed payments of the entire personal estate to be made to the distributees. The first objection is that no notice was given. The statute provides that the notice required by law may be dispensed with when all parties entitled thereto waive it. Pub. Sts. c. 156, § 37. When an estate is settled, and ready for distribution, there are no creditors, and the distributees may be the only persons interested; but on the question whether the estate may be finally settled and distributed while creditors have the first right to it, they are clearly interested. If the court has authority to distribute the estate before the debts are paid, the creditors surely have a right to be heard before such a decree is made, and a decree without notice to them would not affect them.

But we think that the court did not have authority to make the distribution, and that the decree, whether it be taken as the allowance of an administration account, or as a decree of distribution, is erroneous. Creditors have two years in which to present their claims, and the administrator is not bound to make any payment within one year, and he has one year in which he may represent the estate insolvent. The defences that an administrator can make in the nature of *plene administravit* are, that he has represented the estate insolvent; that not having notice of claims to authorize him to represent the estate insolvent within the year, he has exhausted it in paying debts after the year, and before notice of the plaintiff's claim; and that he has settled an account in the Probate Court which shows that the estate was exhausted in paying the charges of admin-

istration and preferred claims. Pub. Sts. c. 136, §§ 1–5. It is no defence to an action by a creditor, that the administrator has paid out the whole estate to creditors or to distributees. But a decree of distribution, regular and valid, is a defence. *Loring* v. *Steineman,* 1 Met. 204. *Pierce* v. *Prescott,* 128 Mass. 140. It follows that a decree of distribution is irregular and void as to creditors, whether they have notice of it or not. They cannot be parties to it. It is a matter wholly between the distributees, and presupposes that the accounts of the estate are settled, and that there are no creditors. The court has authority to distribute only the balance after the debts are paid, and the fact that a creditor exists who has a right to be paid out of the assets shows that the court cannot make a valid decree of final distribution. Although a distributee cannot maintain an action as such until there has been a decree, (*Cathaway* v. *Bowles,* 136 Mass. 54,) the statute contemplates that an administrator may voluntarily make payments in advance, at his own risk, and provides that the court may require a distributee to give security to indemnify him against the risk. Pub. Sts. c. 136, § 20. Now, by the St. of 1873, c. 224, § 2, (Pub. Sts. c. 136, § 21,) the court is authorized to make a partial distribution of an estate in process of settlement. It is only under those statutes that the court has authority to order that any part of an unsettled estate can be paid to the next of kin, and put out of the reach of creditors.

The only parties to a decree of final distribution, besides the administrator, are the distributees; and if the court could judicially know that there are no creditors interested in the estate, such a decree might be made at any time after the appointment of the administrator, when assets may be collected. But the court has not jurisdiction to determine that there are no creditors, while the statute allows them to sue. In *Atherton* v. *Corliss,* 101 Mass. 40, a decree of the Probate Court, ordering a certain sum to be paid to a widow who had waived the provisions of her husband's will, as for her distributive share, made before the second account of the administrator was rendered, was affirmed. The court say, at page 47, that it is undoubtedly within the power of the Probate Court to order distribution within two years, and refer to the Gen. Sts. c. 97, § 21, (Pub. Sts. c. 136, § 20,) and declare that the court could, in "like manner, order

the payment to the widow of her limited portion of the estate, without waiting until a final distribution can be made, provided it is made clearly to appear that the surplus, after covering all probable liabilities, will be more than sufficient to entitle her to that amount. This is apparently what was done in the present case. Upon the hearing in this court, which was after the expiration of two years from the probate of the will and letters testamentary, it did not appear that there were any liabilities which could, in any event, reduce the surplus so that the widow would not be entitled to her full share of " $10,000. By this decision the validity of the decree — the authority given by the statute to substitute security to restore the portion of the estate paid to the distributee and to indemnify the executor not having been exercised — was made to depend upon the fact of there being a sufficient balance on settling the estate to be distributed; for it cannot be contended that the Probate Court had authority to decree that a creditor should not bring an action within the two years, or that it should be a defence to such an action that the court had ordered the estate to be paid to distributees. The statute provision itself shows that the administrator remains accountable for the estate paid to distributees, for it provides for indemnity to him, and the court, if it has authority to compel him to make the payment, and to take the risk, cannot do so without requiring the indemnity provided for by the statute. It would make no difference as regards creditors if the administrator voluntarily made the payment and sought the protection of a decree.

There are but three instances in which the court is authorized to decree payment of any of the estate to the next of kin. The first, according to the dictum in *Atherton* v. *Corliss*, *ubi supra*, is when the court orders a particular payment to be made upon security given under the Pub. Sts. c. 136, § 20. In that case the security takes the place of the estate paid, and the payment belongs to the account of final distribution, and not of administration. The next is the case of partial distribution provided for by the Pub. Sts. c. 136, § 21. In that case, if claims of creditors disclosed after a partial distribution should render the estate insolvent, grave questions might arise. The other case is the final distribution of the balance remaining on

the settlement of the estate after the payment of all debts, and when no persons but the distributees are interested in the estate. It is the duty of the court to make such a decree when the final account of administration shows the balance which it is legally impossible that a creditor can come in to disturb; it may make such a decree when it seems improbable that such creditor will come in, but if he does appear, the decree will be void as to him. It is not necessary that he should prove himself to be a creditor; if he has a claim against the estate which the law allows him to prosecute, he is interested in the estate, and the decree of distribution is void as to him, and cannot be pleaded to his action.

Taking the allowance of the account in this case as in effect a decree of distribution, it was clearly erroneous, and it was void as to a person having a claim against the intestate, upon which an action was brought within two years. Error does not lie to the Court of Probate, and when its decree is erroneous, it not only may be collaterally impeached by plea and proof, but it will be set aside by the court on the application of a person interested in the estate, and injuriously affected by the decree. *Field* v. *Hitchcock*, 14 Pick. 405. *Hancock* v. *Hubbard*, 19 Pick. 167. *Peters* v. *Peters*, 8 Cush. 529, 543. *Jenks* v. *Howland*, 3 Gray, 536. *Waters* v. *Stickney*, 12 Allen, 1. *Pierce* v. *Prescott*, 128 Mass. 140.

As regards creditors, the decree allowing the account was not a settlement of the administration of the estate, and the administrator remained liable to account for the whole amount of the inventory as assets, and it was his duty to pay over the assets of the estate to the administrator *de bonis non*, whose duty it was to collect them. *Wiggin* v. *Swett*, 6 Met. 194. *Cobb* v. *Muzzey*, 13 Gray, 57. *Choate* v. *Thorndike*, 138 Mass. 371. The appointment of the administrator *de bonis non* to administer assets which had nominally been accounted for, involves the invalidity of that account and settlement, and the necessity of a further accounting by the original administrator. If the whole estate is paid over, it will be held to pay expenses of administration and the debt of Pennell, if it is established; the balance to be distributed. The decree of the Probate Court ordered that the account should be reopened, the credits dis-

allowed, and the $9,000 and interest thereon paid over to the new administrator. The opening and disallowance of the account would leave the original administrator liable to pay over the $9,000, and make him and his sureties liable on his bond, and the order to pay it over seems unnecessary. Nearly all of it may by possibility remain as the balance on final settlement, to be paid under an order of distribution. There seems no reason why the disbursements that were made to the next of kin may not be treated as voluntary advances made to them on account of their shares, and only such sums as may be required in the settlement of the estate actually paid over. The decree was modified at the hearing in this court by a single justice to that end, and it seems proper that it should be so made. It will not prevent the commencement of an action on the bond, should that be thought necessary, to secure such payment as might be required. When the amount required is ascertained, and the final accounts are ready to be settled, if it appears that there is estate to be distributed, the account can probably be stated in such a form as will not require the actual payment by the first to the second administrator of money which equitably belongs to the former, which the latter can be required to return. See *Stetson* v. *Moulton*, 140 Mass. 597.

*Decree affirmed.*