JAMES W. NEWELL *vs.* CLARENCE .A. PEASLEE.

Suffolk.    March 25, 1890. — June 20, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Estate of Deceased Person — Creditor — Ancillary Administration.*

A creditor of an estate upon which ancillary administration has been taken out here, whose right of action does not accrue within two years from the giving of bond by the administrator, and who seasonably files his claim, is entitled, under the Pub. Sts. c. 136, § 13, to an order for the retention of assets here to satisfy his demand; and a decree of the Probate Court within the two years, authorizing the transmission of such assets to the place of principal administration, or allowing the balance stated in the ancillary administrator's account as transmitted to the foreign administrator, is void as to such creditor.

APPEAL from a decree of the Probate Court, on a petition under the Pub. Sts. c. 136, § 13, filed by James W. Newell, administrator *de bonis non* of the estate of Isaac Taylor, ordering the respondent, Clarence A. Peaslee, as administrator of the estate of. George S. Paine, to retain $2,503.74, assets of the estate in his hands, to satisfy a claim of the petitioner when it. should become payable. Hearing before *Holmes*, J., who affirmed the decree, and reported the case, at the respondent's request, for the consideration of the full court. The facts appear in the opinion.

*E. B. Callender & L. Girardin*, for the respondent.

*W. H. H. Andrews*, for the petitioner.

W. ALLEN, J. The Pub. Sts. c. 136, § 9, provide that an executor or administrator shall not be held to answer to the suit of a creditor of the deceased unless the suit is commenced within two years from the time of his giving bond, except as afterwards provided. Section 13 provides that a creditor of the deceased, whose right of action does not accrue within the two years, may present his claim to the Probate Court " at any time before the estate is fully administered; and if, on examination thereof, it appears to the court that such claim is or may become justly due from the estate, it shall order the executor or administrator to retain in his hands sufficient to satisfy the same." Section 14 provides that the executor or administrator shall not be obliged to pay such claim unless it is proved to be due in an action commenced by the claimant within one year after it becomes payable.

The respondent was appointed and gave bond as administrator of the estate of George S. Paine on September 28, 1885. On September 12, 1887, the petitioner filed the petition which is before us, presenting a claim against the estate of Paine, the right of action on which would not accrue within the two years, and praying that the administrator might be directed to retain assets in his hands; and the only question before us on this appeal is whether the estate was fully administered. Paine was a resident of Maine, and that is the place of principal administration of his estate. The respondent is administrator there and is ancillary administrator here. He filed an account here on September 27, 1886, which was allowed on Oc-

tober 18, 1886, after notice by publication.  The petitioner had
no actual notice, and did not know of the death of Paine until
a few days before he filed his petition.  The account is entitled
the first and final account, and asks allowance for three items,
two of which are for losses on property, and the third, under
date of April 6, 1886, is in these words: "This amount credited
to said estate in my account as administrator of the same settled
in the Probate Court in Lincoln County, Maine, as received from
the property mentioned in the inventory and in schedule A of
this account, — $2,503.74."  If the account was properly allowed,
it shows that the estate is fully administered; if not properly
allowed, there are assets in the hands of the respondent which
he should be ordered to retain.

The Pub. Sts. c. 138, § 1, provide that, when administration
is taken in this Commonwealth on the estate of a non-resident,
his personal estate here shall, after the payment of his debts, be
disposed of according to his will, or, if he left no will, according
to the laws of his domicil.  Section 2 reads: "Upon the settle-
ment of such estate, and after the payment of all debts for which
the same is liable in this Commonwealth, the residue of the per-
sonal estate may be distributed and disposed of in manner afore-
said by the Probate Court; or in the discretion of the court
it may be transmitted to the executor or administrator, if any,
in the State or country where the deceased had his domicil, to
be there disposed of according to the laws thereof."  The au-
thority to order the estate to be transmitted to the place of prin-
cipal administration does not exist until after the payment of all
debts for which the estate is liable.  It is liable for debts for
which the administrator is liable to be sued, and the plain mean-
ing of the statute is that the court shall not order the estate to
be transmitted until the expiration of the two years has relieved
it from liability for the debts of the intestate.  Until then, the
court cannot know that there are no debts.  The court has no
authority to order the estate to be transmitted until the creditors
here are all paid, and it has no jurisdiction to determine that
there are no unpaid creditors here until the time fixed by law
within which they may present their claims has expired.  The
court has no power to summon in creditors to present their
claims sooner, and creditors lose no rights by not sooner prose-

cuting their claims. The right of a creditor, who commences his action within the two years, to be paid out of the assets, is plain and paramount, and the court has no power by decree or order to deprive him of that right. It would be a novel defence to an action by a creditor brought within the two years against an administrator, that he had fully administered the estate by taking the assets out of the Commonwealth by order of the court. Such an order, if legal, would be one that creditors would be interested in, and would have a right to be heard upon, but it would be impossible to give them any but constructive notice, because they cannot be known. The effect of allowing the validity of such an order would be, in this case, that a foreign administrator could be appointed administrator here to collect the assets here, and not only compel domestic creditors to follow the assets to the place of principal administration, but deprive them of any benefit from the assets so transmitted, for the funds were transmitted only to be brought into the final settlement of the administrator's account there.

The petitioner presented his claim before the expiration of two years from the appointment of the administrator. The order to retain property has reference to an order of distribution or to transmit property, and operates to extend the time within which an action may be brought. The statute is imperative, and gives to creditors whose right of action does not accrue within the two years, and who make application within that time, an absolute right to have the time within which they may sue extended by an order to retain property, and to be put on the same ground as a creditor who has brought an action within that time. The allowance of the account so far as it authorized the transmission of assets to the place of principal administration, and so far as it allowed the administrator credit for assets transmitted by him, was void as to the petitioner, and the estate was not fully administered as to him.

We have not considered whether the allowance of the account can be taken to include or amount to an order to transmit the estate. Domestic distributees, as well as creditors, may have an interest in the question whether the assets shall be transmitted to a foreign jurisdiction, which would require that the question should be settled after the settlement of the administrator's

account, and on notice to the parties interested. But we do not decide that question. It may be that a different rule would be applied to a final account, after the expiration of the two years, from that applied to one settled before that time. See *Emery* v. *Batchelder*, 132 Mass. 452, and *Granger* v. *Bassett*, 98 Mass. 462.

It was held in *Browne* v. *Doolittle, ante,* 595, that a decree of final distribution, made before the expiration of the two years, was void as to a creditor who brought his action within that time, and as to an administrator *de bonis non* subsequently appointed.

*Decree affirmed.*