ADELAIDE E. PALMER, executrix, *vs.* CONSTANT F. WHITNEY, administrator.

SAME *vs.* SAME.

SAME *vs.* SAME.

Suffolk.     March 23, 1896. — May 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Estate of Deceased Person — Decree of Distribution — Assignment of Distributee's Share — Jury Trial on Appeal from Probate Court.*

If the administrator of an estate, when the distributees are known and their shares undisputed, pays them what is due without a decree of distribution and credits the payments in the final account, and the distributees assent thereto, or, having notice thereof, make no objection to the allowance of the same, or, having been heard on the allowance, their objections are overruled, there is no reason why the account should not be allowed.

An administrator who pays the share of a distributee on his order takes the risk of the genuineness and validity thereof, and in a hearing on the allowance of an account it must be determined by the court passing thereon whether payments made on the order are to be allowed or not; if the order is found to be valid, and the administrator to have paid thereon according to the terms of the order all that was due to the assignor, the payments should be allowed. If the assignor appeal to the Supreme Judicial Court, whether he is entitled to a trial by jury upon the validity of the assignment, *quære.*

THREE APPEALS, from decrees of the Probate Court, the first from a decree refusing to order a decree for distribution, the

second from a decree reallowing the account of the appellee, and the third from the refusal of the court to reopen the account. Hearing before *Holmes,* J., who, at the request of the appellant, reported the case for the consideration of the full court. The facts appear in the opinion.

*J. M. Lesser,* (*G. H. Fall* with him,) for the appellant.

*J. C. Lane,* for the appellee.

FIELD, C. J.  These are two appeals from decrees of the Probate Court; one from a decree refusing to order a decree for distribution, and one from a decree reallowing the account of the appellee. There is what purports to be a third appeal from the refusal of the Probate Court to reopen the account, but the papers show that that court reopened the account; and this appeal should be dismissed.

The account is the first and final account of Constant F. Whitney, administrator of the estate of Caroline R. Morton, and, as finally allowed, it shows that, after paying the debts and expenses of administration, there remained the sum of $5,074.04 to be distributed, and that that sum had been distributed. Of this sum the estate of Charles S. Morton would be entitled to one half, namely, $2,537.02, if he had made no assignment of his interest in the estate. The administrator in this account credited himself as follows:

" 8. To share of husband of deceased, Charles S.
     Morton, paid to his order . . . . . . . $2,537.02
  9. To share of son, J. F. Nichols . . . . . .     845.68
10. To share of daughter, E. J. Hendrick   . . .     845.68
11. To share of son, C. F. Whitney . . . . .     845.68 "

There is no dispute that these persons were the distributees, and were entitled to the shares which have been credited in the account, and that these sums have been paid; but the share of Charles S. Morton has been paid on his order, which we understand was an assignment to Constant F. Whitney, the administrator.

Adelaide E. Palmer, who is the executrix of the last will of Charles S. Morton, petitioned the Probate Court to reopen this account of Constant F. Whitney, and to allow the account in such manner as to show a balance of $5,074.04 remaining in the hands of the administrator for distribution. The Probate Court

reopened the account, heard the parties interested, and decreed that the account as presented should be finally allowed. This account showed ,that, the distributive shares having been paid, there was no balance remaining in the hands of the administrator. She also petitioned the Probate Court for a decree of distribution, and the petition was dismissed, on the ground, as stated in the decree, " that there is no balance of said estate remaining for distribution." From these decrees of the Probate Court she appealed to the Supreme Judicial Court.

The share of the husband is credited in the account as paid " to his order," and that order was the assignment made by Charles S. Morton in his lifetime of his interest in the estate to said Constant F. Whitney. The dispute is whether this order or assignment was obtained by fraud, and the purpose of the appellant is to obtain a decree of distribution in her favor as executrix, and then to bring a suit against the administrator of the estate of Caroline R. Morton to recover the amount decreed to be paid to the estate of Charles S. Morton. In such a suit the administrator of the estate of Caroline R. Morton would be compelled to set up this order or assignment in defence, and the question whether the order or assignment had been obtained by fraud could then be tried.

The Probate Court, in the rehearing on the account, necessarily must have found that the order or assignment was valid, and that the share of the husband was rightfully paid to the assignee under the order; and this, in effect, is the finding of the single justice of this court, who has reported the case to the full court. The appellant contends that payments to distributees should not appear in such an account, but only in an account or return made under a decree of distribution ; that the Probate Court cannot recognize assignments of distributees' shares ; and that the validity of such assignments can be tried only in courts of common law, or in equity, and not in courts of probate.

It has been held that the only way in which an administrator of an intestate estate can effectually protect himself against the claims of all possible distributees is by obtaining a decree of distribution, and distributing the estate in accordance therewith. Such a decree, obtained according to law after due notice, is

a protection against all the world. *Cathaway* v. *Bowles*, 136 Mass. 54. But it is a common practice, when the distributees are known and their shares undisputed, to pay them what is due without a decree of distribution, and to credit the payments in the final account. When such payments are made, and are credited in the account, and the distributees assent to the account, or have notice of it and make no objection to the allowance of it, or are heard upon the allowance of it, and their objections are overruled, we see no reason why the account should not be allowed. If the distributees have actually received all they are entitled to, they ought not to be heard to complain that the formality of obtaining a decree of distribution has been omitted. An administrator distributing the property without a decree of distribution incurs the risk that there may be distributees who are not bound by the allowance of his account; but if he is willing to take this risk, the distributees who have received all they are entitled to cannot complain of the procedure.

The more formidable objection in the present case is that the Probate Court has approved of the payment of the husband's share to his assignee. When a formal decree of distribution has been made, the assignee of a distributive share ordinarily, by a bill in equity, can compel the administrator to pay the amount to himself if the assignment is a valid one. *Lenz* v. *Prescott*, 144 Mass. 505. Whether in the present case the fact that the assignee is the administrator of the estate would be an obstacle to such a bill, we need not now determine. Probably also the assignee, in the name of the assignor, can bring an action at law against the administrator to recover the distributive share of the assignor after it has been determined by a decree of distribution. It is argued that, in such an action or suit in equity, the assignor would be entitled to a jury trial if he denied the validity of the assignment. So far as we are aware, it has not been determined in this Commonwealth that, in a suit in equity by the assignee against the assignor and the administrator, the assignor is entitled to a jury trial on the validity of the assignment; and in actions at law in the name of the assignor for the benefit of the assignee it never has been held that the assignor can try the validity of the assignment by a jury. De-

fendants in such actions have contended that the assignee was not authorized to bring the action in the name of the assignor. This contention, however, has been held not to be a defence to the action on its merits, but to be the ground of a motion to dismiss the action in which this question of fact has been heard and determined by the court. The assignor can undoubtedly discontinue the action, unless the assignee shows some right to prosecute it; but this also has been determined by the court. *Moore* v. *Spiegel,* 143 Mass. 413. *American Carpet Lining Co.* v. *Chipman,* 146 Mass. 385, 388.

But if the appellant in the present case had a right to a trial by jury on the validity of the assignment in any proceeding against the estate of Caroline R. Morton, which we do not mean to intimate, she could have obtained such a trial on the appeal in this court held by a single justice. The power of this court to order issues to be framed for a jury in probate appeals is as ample as in suits in equity. It cannot be true that an administrator is necessarily compelled to pay actually and literally into the hands of the creditors of the estate and of the distributees the amounts due to them, and cannot pay the amounts on their order. Like any other person paying on an order, he takes the risk of the genuineness and validity of the order, and in a hearing on the allowance of an account it must be determined by the court passing upon the account whether payments made on orders are to be allowed or not. If, as has been found in the present case, the order was valid, and the administrator has paid all that was due to the estate of Charles S. Morton, according to his order, that estate has no interest in the further administration of the estate of Caroline R. Morton. This in effect was decided in *Stevens* v. *Palmer,* 15 Gray, 505. Whether the person to whom payment is made on such an order receives the money to his own use can be determined in an action brought directly against him, unless it has been determined in some other manner.

In *Browne* v. *Doolittle,* 151 Mass. 595, there was no decree of distribution, but the distributees had been paid, and the amounts so paid had been credited to the administrator in his account, which had been allowed before the expiration of two years from the date of his bond. After the allowance of the account, but

within the two years, a creditor of the estate brought an action against the administrator. After this suit was brought, the administrator was removed, and an administrator de bonis non was appointed, who petitioned the Probate Court that the account be reopened; that the payments to the distributees be disallowed; and that the administrator be ordered to pay the amount distributed to the administrator de bonis non. This was ordered by the Probate Court, but on appeal to this court the decree was modified so that the administrator was ordered to pay to the administrator de bonis non only such sums as would be required in the settlement of the estate, that is, for the payment of the debts and the further expenses of administration. The payments to the distributees were not disturbed, except so far as was necessary to complete the administration of the estate. See also Emery v. Batchelder, 132 Mass. 452.

In the present case, we are of opinion that the action of the Probate Court was right. The other questions reserved in the report were not argued, and we consider them waived. The two decrees of the Probate Court which we have considered should be affirmed, and the third appeal should be dismissed.

*So ordered.*