CHARLES L. TODD & another, administrators, *vs.* GEORGE G. TARBELL & others.

Middlesex. December 5, 6, 1904. — March 3, 1905.

Present : KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Devise and Legacy*, Construction.

A testator after giving to his wife the income of all the residue of his estate, with the right to use the principal, provided as follows : " and upon the decease of my wife, so much of said residue as may then remain is to be equally divided between my two sons. — and in case of either of my sons shall die, during the lifetime of their Mother, leaving no issue, then the whole of said residue or remainder is to go to the survivor of them, and in case both of my sons shall die during the lifetime of their mother — then she is to dispose of said estate, as she shall think best. — " The two sons survived their father and both died before their mother, one of them leaving issue. Their mother died testate, and by the terms of her will disposed of the whole residue of her husband's estate under the above testamentary power, although the issue of one of her deceased sons survived her. *Held*, that the power was exercised properly and disposed of the whole property, the power of disposition over the whole property passing to the widow on the death of her two sons although one of them left issue, there being nothing to justify the court in adding the words " without issue " to the contingency named in the second gift over.

BILL IN EQUITY, filed March 1, 1904, by the administrators *de bonis non* with the will annexed of the estate of Charles L. Tarbell, late of Lincoln, for instructions.

The case came on to be heard before *Morton*, J., who reserved it upon the bill and answers, and a stipulation of the parties that all the allegations of fact in the bill and answers were admitted to be true, for determination by the full court, such disposition to be made thereof as to the court should seem meet.

The will of Charles L. Tarbell, omitting the introductory and the attesting clauses and the signatures of the testator and the witnesses, was as follows :

"Iprimis  I give to my sons, George G. and Charles. F. Tarbell, the sum of five hundred dollars each, to be paid to them in one year after my decease.

" Item  I give to my wife, Martha E. Tarbell, the Income or improvement of all the rest or residue of my estate, during her life, and in case the interest or income of said estate is not sufficient for her comfortable support and maintainance during her life, then she is to have so much as may be necessary for said support, out of the principal, that is, out of said residue or remainder; — and upon the decease of my wife, so much of said residue as may then remain is to be equally divided between my two sons. — and in case of either of my sons shall die, during the lifetime of their Mother, leaving no issue, then the whole of said residue or remainder is to go to the survivor of them, and in case both of my sons shall die during the lifetime of their mother — then she is to dispose of said estate, as she shall think best. —

" Lastly — I hereby nominate and appoint my son, George G. Tarbell, sole Executor of this my last will and testament — and request that he may be exempted from giving any sureties or surety on his bond as Executor."

Charles L. Tarbell died on December 24, 1889, leaving a widow, Martha E. Tarbell, and two sons, George G. Tarbell and Charles F. Tarbell.  Charles F. Tarbell died intestate, on October 31, 1891, leaving a widow, Ida A. Tarbell, and two children, Sarah A. Tarbell and George G. Tarbell.  George G. Tarbell (senior) died, testate, on December 28, 1900, leaving no issue. Martha E. Tarbell, widow of Charles L. Tarbell, having outlived both of her sons, died on June 16, 1903, testate.  She was survived by her grandchildren, Sarah A. Tarbell and George G. Tarbell, children of her son Charles F. Tarbell as above stated.

*E. D. Fullerton,* for the administrators, stated the case.

*W. A. Knowlton,* for the guardian *ad litem* of George G. and Sarah A. Tarbell.

*H. D. Tudor,* for Cornelius Fiske and Amanda Fiske.

*R. L. Robbins,* for the beneficiaries under the will of Martha E. Tarbell.

LORING, J. We are asked by the children of Charles F. Tarbell to supply the words " without issue " in the second gift over, mainly on the authority of *Abbott* v. *Middleton,* 21 Beav. 143 ; 7 H. L. Cas. 68. That was a case where, after setting apart funds to provide for an annuity to his widow, the testator directed the interest to be paid to his son for life, and on his demise the principal to become the property of the son's children in such sums as his son should by will direct ; " but in case of my son dying before his mother," the principal sum was to be divided between the children of two deceased daughters, and the children, if any, of a living daughter. The Master of the Rolls supplied the words " without issue " in the gift over, and that decision stood on appeal, the House of Lords being equally divided. That the opinion expressed by Lord Brougham, who was not present at a second argument ordered to be made in the case, is not to be counted in spite of what is said in 7 H. L. Cas. 91, see Blackburn, J. in *Rhodes* v. *Rhodes,* 7 App. Cas. 192, 204.

Although the four lords who took part in the decision reached opposite results, they were agreed as to the principle to be applied. The principle on which they were agreed was put by Lord Cranworth in these words : " Where by acting on one interpretation of the words used we are driven to the conclusion, that the person using them is acting capriciously, without any intelligible motive, contrary to the ordinary mode in which men in general act in similar cases, there, if the language admits of two constructions, we may reasonably and properly adopt that which avoids these anomalies, even though the construction adopted is not the most obvious, or the most grammatically accurate. But if the words used are unambiguous, they cannot be departed from merely because they lead to consequences which we consider capricious, or even harsh and unreasonable." This statement of the law has been subsequently referred to

with approval. See *Gordon* v. *Gordon*, L. R. 5 H. L. 254, 284; *Bathurst* v. *Errington*, 2 App. Cas. 698, 709, 721, 722; *Rhodes* v. *Rhodes*, 7 App. Cas. 192, 204, 205.

Lord Chelmsford, then the Lord Chancellor, and Lord St. Leonards were in favor of the decree below, on the ground that a general intention could be gathered from the rest of the will not to disinherit the children of the son, to whom the fund previously had been given on the death of their father; and for that reason the words " without issue " were to be supplied in the gift over. Lord Cranworth and Lord Wensleydale, on the other hand, came to the opposite conclusion on the ground that the intention of a testator is to be ascertained by the meaning of the words used by him in his will, and that in the case before them that resolved itself into ascertaining the meaning of the words of the gift over; that the words of the gift over were not ambiguous; that by it the previous gift to the children was divested; and that it was not permissible to look at the rest of the will to discover a general intention for the purpose of overriding the unambiguous words of the gift over by inserting therein the words " without issue."

In the case at bar, however, there is no previous gift to the children of the sons. In the case at bar the previous gift was to the sons of the testator, not to the children of the testator's son, as was the case in *Abbott* v. *Middleton.* The intention of the testator here seems to have been not to give the estate to his grandchildren in any event. If a grandchild's father was alive when the testator's widow died the father was to have the property. If a grandchild's father was not alive then, the widow was to have the disposition of the property as donee of a power of appointment by will. In either event a grandchild was likely to get its share of the property from the father or under the grandmother's will. But in neither event is there a gift to a grandchild. The analogy of *Abbott* v. *Middleton* fails.

The case of *Weston* v. *Weston*, 125 Mass. 268, also relied on by the children of Charles F. Tarbell, is not a case where words were supplied, but a case where the words if " both survive my said wife " were held to qualify " in equal shares."

The language of the gift over in the case at bar is not ambiguous. By it the previous gift to the sons was divested, and

the words in question cannot be supplied. See in this connection *Child* v. *Child*, 185 Mass. 376 ; *Boston Safe Deposit & Trust Co.* v. *Buffum*, 186 Mass. 242. See also *Brown* v. *Farmer*, 184 Mass. 136, 138, 139.

*Decree accordingly.*

The order contained in the rescript was as follows :

*Let a decree be entered directing the plaintiffs as administrators with the will annexed of the estate of Charles L. Tarbell to pay over the property now in their hands as such administrators to Charles L. Todd, as he is executor of the last will and testament of Martha E. Tarbell. Costs to be allowed out of the fund as between solicitor and client.*