JOHN F. LIBBY *vs.* CHARLES L. TODD & another, administrators with the will annexed.

Middlesex.   December 6, 1906. — March 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Guardian ad Litem.  Probate Court.  Executor and Administrator.*

It is possible that there may be a case in which it is the duty of a guardian *ad litem* to raise a question as to the right of his wards to receive certain property, although it is conceded by all the other parties in interest, on the ground that it is for the interest of his wards to have their rights settled rather than to have the property with a liability to refund it; but where the interest of the wards is a future one which may not vest for upwards of fifty years the remote possibility that his wards now unborn and unascertained may have to refund the property after having received it does not justify a guardian *ad litem* in raising and pressing a doubt as to the validity of a payment made by the administrator of an estate ultimately for the benefit of his wards by opposing the allowance of such payment in the administrator's account until the matter can be passed upon by the court.

Since the enactment of R. L. c. 150, § 19, which was passed for the purpose of giving the Probate Court power to protect an executor or administrator in paying

legacies or distributive shares by a decree of distribution, the allowance of the accounts of an executor or administrator stating such payment in the settlement of an estate has the effect of a decree of distribution under the statute.

LORING, J.   This is an appeal taken by a guardian *ad litem* from a decree of the Probate Court fixing his compensation at $60.   It came before the single justice on an agreed statement of facts and without decision was reserved by him for our consideration.

The appellant was appointed guardian *ad litem* to represent the interest of persons unborn or unascertained in the final account of the administrators with the will annexed of Charles L. Tarbell.   These administrators assumed that under the will of their testator, in the event which happened, the testator's wife had a power of appointment of the residue of the testator's estate.   The wife, in the exercise of this power, had appointed the estate to trustees " for the benefit of certain tenants for life, followed by certain contingent limitations to persons unborn and unascertained," in the words of the agreed facts.   Nothing appears in the agreed facts beyond this bare statement.   As we understand it, the interests which the appellant was appointed to represent were the interests of those then unborn and unascertained, to whom the residue had been given by appointment in remainder subject to the life estates mentioned above.

The occasion of the appointment of the appellant arose from the fact that the two accountants (that is, the administrators with the will annexed of the testator Charles L. Tarbell) were the two trustees to whom the estate was appointed by the wife, and the executor of the wife's estate (to whom under the rule of *Olney* v. *Balch*, 154 Mass. 318, the estate was to be paid) was one of these two.

In the account in question the accountants charged themselves with $144,451.29, and asked to be allowed for " several items of cash paid out" and their compensation, amounting in all to $2,735.35.   The account showed that the balance of $141,715.94 had been paid, on July 8, 1903, to the executor of the wife, Martha E. Tarbell.

The appellant in his report as guardian *ad litem* states that he has examined the account with the vouchers and securities, and that he dissents from the allowance of the account on the

ground that it was a matter of doubt whether on the true construction of the will his wards were entitled to the payment which had been made for their benefit; that a bill for instructions should be brought; " and that there should not be an attempt to settle the rights of all the parties interested by means of an account in the Probate Court. See *Lincoln* v. *Aldrich,* 141 Mass. 342." " Thereafter," in the words of the agreed facts, " the question of the allowance of the account as affected by the question whether the will of said Charles L. Tarbell was so ambiguous as to require the question of its construction to be presented in the form of a bill for instructions was argued orally and on briefs by said John F. Libby [the appellant] *pro se,* and by counsel for said administrators. All persons were duly notified, but no other person or party appeared at said hearing or at any other time to object to said account."

The judge of probate decided on this argument that the construction put upon the will by the accountants was probably the true one, but that he was " very far from being convinced " that it was so. He then stated that " the hearing before the court was mainly directed to the question — as to whether or not the account should be passed upon without a preliminary construction of the will," and he concluded that he would not " be willing to allow the account in any event without further hearing, and that it would be the best course to raise the question of construction in an independent proceeding."

Thereupon the bill for instructions was brought which is reported in *Todd* v. *Tarbell,* 187 Mass. 480, sustaining the construction adopted by the accountants.

In March, 1905, the appellant asked to be paid $300 for services and compensation as guardian *ad litem.* This the administrators refused to pay " on the ground that said Libby was not entitled to compensation for raising and pressing the question as to the construction of said will, but offered to pay for such services as they deemed had been properly performed by him from ten to twenty-five dollars."

The guardian thereupon brought the petition which is now before us, asking the Probate Court to fix his compensation. A decree was entered by that court fixing his compensation at $60. From this decree the appeal here in question was taken by the

guardian *ad litem*. The appeal was submitted to the single justice on an agreed statement of facts the substance of which has just been stated, and was reserved on those facts for the full court. The agreed facts end with this stipulation: "It is agreed that $300 is reasonable compensation for all services performed by said John F. Libby as such guardian *ad litem* and that said amount may be allowed, provided he is entitled to compensation for raising and pressing the question as to the construction of the said will of Charles L. Tarbell; and that he, said Libby, may be allowed only $60 for his entire services if he was not entitled to raise and press said question."

The duty cast upon and assumed by the appellant as guardian *ad litem* was to secure and preserve the interests of his wards, *Bicknell* v. *Bicknell*, 111 Mass. 265, *Guild* v. *Cranston*, 8 Cush. 506, 509, *Tripp* v. *Gifford*, 155 Mass. 108, 110, and for his services in so doing he was entitled to reasonable compensation.

What the appellant did was in the first place to raise a doubt as to the payment (which had been made and which was ultimately for the benefit of his wards) being made to those entitled under the will of the testator; and in the second place to object to the allowance of the administrators' account on that ground.

What he now asks is that he should be paid out of the estate not merely for raising the doubt but also for arguing that the doubt was well founded and that for that reason the account of the administrators with the will annexed should be disallowed.

The first position of the appellant's counsel is that it was not the duty of the guardian *ad litem* to suppress facts to secure an unjust advantage for his wards. It is manifest that that argument falls short of making out the guardian *ad litem*'s demand to be paid for arguing that there was a doubt as to his wards being entitled to the fund which every one conceded to be theirs, and insisting that the account should be disallowed for that reason.

His next position is that it was for the interest of his wards that the doubt which he alone had raised should be settled then.

We are not prepared to say that there might not be a case in which it is the duty of a guardian *ad litem* to raise a doubt as to his wards' right to property which is conceded by everybody else, because it is for his wards' interests to have their rights

settled rather than to have the property with a liability to re-fund. But if such a case can arise, this is not that case.

In the case at bar there could be no liability on the part of the appellant's wards or on the part of anybody else to refund if the account in question had been allowed. Had the account been allowed there could have been no liability to refund be-cause the allowance of the account would have established as against all interested in the fund the validity of the payment as therein set forth.

The appellant contends that it would not have been decisive on the authority of Smith's Probate Law, (5th ed.) 186, and *Granger* v. *Bassett*, 98 Mass. 462. But when the case of *Granger* v. *Bassett* was decided in 1868, the Probate Court had no jurisdiction over the question whether a person was or was not entitled to a legacy under a will. At that time the right to be paid a legacy had to be determined in an action at law under what is now R. L. c. 141, § 19, or in a bill for instructions. But that was changed by R. L. c. 150, § 19, which was enacted for the very purpose of giving the Probate Court power to protect an executor in making payment of a legacy. See Report of Commissioners on R. L. note to c. 150, § 19.

There is another question involved in the conclusion that this account would have been decisive, and that is this: Would the allowance of this account (in which the payment to the person entitled under the will is stated) without a decree having been made under R. L. c. 150, § 19, have operated as an implied decree for payment under that section as well as an allowance of the payment itself?

Before the case of *Palmer* v. *Whitney*, 166 Mass. 306, was decided, there seems to have been some doubt as to the conclu-siveness of a decree allowing the final account of an adminis-trator in which the accountant asked to be allowed for payments of distributive shares to the next of kin where there had been no order of distribution. Such practice seems on the one hand to have been recognized as permissible in *Emery* v. *Batchelder*, 132 Mass. 452; *Newell* v. *Peaslee*, 151 Mass. 601, 604, 605. On the other hand it would seem from what was said in *Browne* v. *Doo-little*, 151 Mass. 595, 596, and in *New England Trust Co.* v. *Eaton*, 140 Mass. 532, 533, that the practice did not meet with

the approval of this court. The decision in *Browne* v. *Doolittle* is not to the contrary. What was decided in that case was that a Probate Court has no jurisdiction to decree a distribution within the two years during which a creditor can bring suit against an administrator. That is a case therefore like *Granger* v. *Bassett*, and so is the case of *Lincoln* v. *Aldrich*, 141 Mass. 342, on which the guardian *ad litem* relied in the Probate Court. The underlying difficulty with that case was that there is no jurisdiction in a Probate Court sitting as such to determine who are the persons entitled to receive a trust fund on its termination.

These doubts however were put at rest by *Palmer* v. *Whitney*, 166 Mass. 306, and the doctrine of that case seems to have been recognized by this statement in *Lamson* v. *Knowles*, 170 Mass. 295, 297 : " The settlement of the accounts of an administrator by implication includes the passing of an order for the distribution of the funds in his hands." What was said in *Goff* v. *Britton*, 182 Mass. 293, 295, should not be taken to unsettle the practice established by *Palmer* v. *Whitney*.

But, if it is going too far to say that the guardian *ad litem* ought to have known that the allowance of the account would have eliminated any possibility of his wards having to refund if the property came to them, he stands no better. He still has not shown that he is entitled to be paid for what he did.

It is not stated in the agreed facts who were the persons subject to whose life estates the appellant's wards took the residuary estate, and the facts before the court in *Todd* v. *Tarbell*, 187 Mass. 480, are not made part of the present case. The burden is on the appellant to make out his case. It may be that the appellant's wards took subject to life estates in the minor children of Charles F. Tarbell, a deceased son of the testator. If they did it may be assumed that the estate would not be likely to vest in the wards of the appellant for upwards of some fifty years. While it has been decided that so long as an executor has assets in his hands the statute of limitations does not run in his favor, *Brooks* v. *Lynde*, 7 Allen, 64, *Kent* v. *Dunham*, 106 Mass. 586, *Smith* v. *Wells*, 134 Mass. 11, it never has been held in this Commonwealth, so far as we know, that where the whole estate is paid over by an executor to A. when it ought to have been paid to B., the statute does not run in favor of the executor

as against B.   In case of a trust under similar circumstances the statute of limitations does run.   *Treadwell* v. *Treadwell*, 176 Mass. 554.

However that may be, the question which the appellant had to consider was not whether recovery could be had from the executor of the testator, nor whether a recovery could be had from the executor of the donee of the power (the testator's wife), but whether a recovery could be had from the appellant's wards after the fund had been paid over to them on the termination of the life estates some fifty years hence, if it was so paid over.   The remote possibility of his wards being liable to pay back to others this property if it ever came to them was too remote in law and in fact to justify the appellant in raising and pressing the doubt as to the correctness of the payment which had been in fact made and which was ultimately for the benefit of his wards.

By the terms of the agreed facts and of the reservation, under these circumstances the entry must be

*Decree of Probate Court affirmed.*

*H. Winn,* for the appellant.

*R. L. Robbins,* for the administrators.