CATHERINE FAUBER, APPELLANT, V. HARRISON KEIM, APPELLEE.

FILED JANUARY 24, 1911. No. 16,703.

1. **Executors and Administrators: DISTRIBUTION OF ESTATE: RATIFICATION.** An executor should not distribute his testator's estate without an order of the probate court made after due notice to all parties interested, but if he prorates the assets among all of the legatees upon the assumption that the bequests are all in the same class, and the legatees, not being under any disability, accept and retain their dividends for ten years with knowledge of the facts and without complaint, they will thereby ratify the transaction.

2. ——: ——. But in such a case the executor will also be held to the theory upon which he distributed the estate.

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE. *Affirmed as modified.*

*Hall, Woods & Pound,* for appellant.

*Charles H. Sloan, Frank W. Sloan, J. J. Burke* and *C. L. Richards,* contra.

ROOT, J.

Our opinion reversing the first judgment rendered in this action is reported in 85 Neb. 217. The plaintiff has

appealed from a judgment in her favor for $363.40. A copy of the will and a statement of many of the essential facts may be found in our former opinion, to which reference is made.

The plaintiff contends that her legacy is specific and should be preferred to the bequests made to her brothers and to her sisters other than Cerilla, and that since her brother Harrison, the executor, accepted the farm upon which that legacy is charged, he is personally liable therefor. It was determined upon the former appeal that the land was charged with the lien. In his will the testator first bequeathed to his wife her specific exemptions, the life use of two rooms to be selected by her in a dwelling house, and the interest on $3,000, which is charged upon the farm. Thereafter he bequeathed legacies aggregating $2,376 to six of his children, and finally he bequeathed to the plaintiff $1,817, and to her sister Cerilla $373. If the testator should survive the plaintiff's husband, her legacy is payable immediately upon her father's death, but, if her husband survives her father, she is to receive 7 per cent. annual interest upon her legacy during her husband's natural life, and the principal sum in the event of his death.

The evidence tends to prove that the executor in treating all legacies as of equal rank acted upon the advice of the county judge, and possibly in conformity with an unrecorded order made by that official, but the proof does not show that notice was given of the executor's intention to apply therefor. The plaintiff's letter of date February 8, 1889, sent by her to the executor, bears strong internal evidence that she was acquainted at that early day with the contents of her father's will.

The defendant in 1893, after paying the testator's debts and the costs of administration, assumed to prorate the residue of the estate among all of the legatees. The plaintiff must have known from her correspondence and from the amount of the interest remitted annually by her brother that he, as executor, had paid her brothers and

sisters on the theory that her legacy was not preferred to theirs. After the plaintiff's mother died in 1903, the executor assumed to prorate the $600, representing the principal sum upon which interest had been paid to the parent, among all of the legatees, and the plaintiff's interest payments were increased thereby. The plaintiff testifies that she refused to sign vouchers in full satisfaction of her annuity, but, so far as we are advised, made no other protest until about the time this suit was commenced in 1905. An executor should not distribute his testator's estate among the legatees without an order of the court made upon proper notice, and, if he does so, will assume the responsibility of paying the proper person. *Boales v. Ferguson,* 55 Neb. 565. But if he makes a distribution without the order and the legatees accept the fruits of that distribution under circumstances fairly charging them with knowledge that payments are being made to the other legatees on the theory that the correct portion is being paid to all of them, and no objection is made thereto for over ten years, we are of opinion that, if they are not under disability, they should be held to have ratified his action. *Fort v. Battle,* 13 Smed. & M. (Miss.) 133; *Palmer v. Whitney,* 166 Mass. 306. Estoppels are mutual, and while we are of opinion that the plaintiff must abide by the distribution of her father's estate according to the action of her brother, the executor, he also shall be bound thereby and should account to her for her pro rata share of the $600 principal released from the interest charge payable to the mother. This sum, as we figure it, is $238.83, which, added to the first dividend, amounts to $602.23.

The decree of the district court is therefore modified so as to increase the plaintiff's lien to $602.23, and, as modified, the judgment is affirmed; defendant to pay all costs of the action.

AFFIRMED AS MODIFIED.