BERTHA M. KNOWLES vs. GEORGE H. PERKINS, administrator with the will annexed.

SAME vs. GEORGE H. PERKINS, administrator.

Essex.    March 6, 1930. — January 6, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Executor and Administrator*, Distribution, Accounts. *Probate Court*, Findings by judge, Decree, Appeal.

Upon an appeal from a final decree upon a petition in a probate court to require an administrator, after the allowance of his final account showing complete distribution, to pay a distributive share to the petitioner, one of the decedent's next of kin who had received nothing, it was *held*, that there was nothing in the record to require reversal of a finding by the judge of probate, made after hearing and seeing the administrator testify, which was unequivocally in favor of the honesty of his conduct.

Where the provisions of G. L. c. 206, § 23, have been observed with respect to the allowance of a final account of an administrator showing distribution of the estate, one of the next of kin of the decedent, who received no distributive share, who was not known to the administrator and who through honest mistake and without negligence on the part of the administrator was not named in the probate proceedings and had had no actual notice of them and no knowledge of the death of the decedent until more than four years after the allowance of the final account of the administrator, is not entitled to a decree requiring the administrator to pay him his distributive share, although final distribution had been made by the administrator in sums and to persons stated in such final account, without his first having procured a decree ordering distribution.

Two PETITIONS, filed in the Probate Court for the county of Essex on July 19, 1928, and afterwards amended, seeking for the petitioner distributive shares in the estates of Benjamin H. Conant and Caroline Elizabeth Kimball, late of Wenham.

The petitions were heard by *Dow*, J.

It appeared that Benjamin H. Conant died intestate on December 3, 1921; that the respondent was appointed administrator on January 9, 1922; that his final account was

allowed on June 14, 1923; and that the petitioner did not learn of his death until November, 1927.

It further appeared that Caroline Elizabeth Kimball died testate on July 21, 1923; that her will was proved and the respondent appointed administrator with the will annexed on September 10, 1923; that his final account was allowed on October 31, 1924; and that the petitioner did not learn of the death of the testate until late in 1927, after she had learned of the death of Benjamin H. Conant.

Other material facts are stated in the opinion.

The final decree described in the opinion was entered in each case, and the petitioner appealed.

*E. Foss,* for the petitioner.

*E. R. Anderson,* for the respondent.

RUGG, C.J. The same person brought in a probate court two petitions in two different estates, of each of which the appellee was administrator. In each estate there was intestate property to be distributed. In each estate the appellee had filed a final account of his administration setting out payments of the entire balance thus to be distributed, after payment of debts and other proper charges, to certain named persons as collateral next of kin of the decedent. His account in each estate was allowed after due notice by publication and mailing to all persons known to him to be interested in the estate. The petitioner was a grandniece of each decedent, as was also another named person, and each was a next of kin and entitled to share in each estate. No notice was sent to either because both were unknown to the accountant. After the lapse of several years, the petitioner first learned of the death of each decedent. She then brought appropriate petitions in the Probate Court to assert her rights. The same decree in substance was entered on each petition, setting out that the account as allowed showed a distribution of the balance to the persons who then appeared to be the persons who would have been entitled to receive that balance if a previous order had been made directing its distribution among the next of kin; that it appeared at that time that the account ought to be allowed; that

the petitioner and the other grandniece were of the next
of kin of the decedent and entitled to share in the dis-
tribution, but their existence was not known to the ac-
countant and through mistake and without negligence or
fault on his part they were omitted in making the dis-
tribution.  The decree then names the next of kin of the
decedent and states their relationship, the fractional share
of the estate, and the precise sum to which each is en-
titled.  The decree then proceeds in these words: " But,
it appearing that all of said balance has been paid by said
administrator in good faith to the distributees named in
said account and that said account has been allowed by
a decree of court which, by the provisions of G. L. c. 206,
§ 23, had the same effect to discharge and exonerate the
accountant and his sureties from further liability as if such
payment had been made under a previous order of the court
for distribution, it is further decreed that this decree shall
not require said administrator to take further action nor
impose upon him any liability but shall take effect only to
correct the error in distribution made in said account and
to establish the right of the petitioner " and the other
grandniece named " to their distributive share of said estate
and to give to them and to said administrator such rights
against the several distributees named in said account," fol-
lowed by the names of such distributees, " as arise from the
correction of said error in said account."  The findings of
fact are that the accountant had known or been neighbor
to each decedent for many years, had inquired of one of
them who were the next of kin of herself and her brother,
the other decedent who predeceased her, and supposed
that the list of such next of kin given him by her was
correct; and that he inquired also of the husband of
another next of kin.  The accountant knew that each de-
cedent had a half brother who had died in the county
in this Commonwealth wherein the accountant lived, but
he did not examine the probate records to ascertain the
next of kin of such half brother.  If he had done so, he
would have found the name of a sister who is alleged in
the petition to be the grandmother of the petitioner.  It

is not alleged or found that possible trace of the other omitted grandniece would have been discovered by examination of those probate records.

The contention that the accountant did not act in good faith cannot be supported. The finding of the trial judge after seeing and hearing him testify is unequivocally in favor of the honesty of his conduct. There is nothing in the record to shake that finding. *Cleaveland* v. *Draper,* 194 Mass. 118. *Nelson* v. *Wentworth,* 243 Mass. 377. *Meyerovitz* v. *Jacobovitz,* 263 Mass. 47, 48.

The soundness of the decree depends upon the interpretation of G. L. c. 206, § 23. Its words are: " If without an order of court an administrator pays or delivers to the widow or husband of the deceased or to any other person any money or other property in his hands, and thereafter renders an account on oath with a full and detailed statement thereof, and after notice it appears that the persons to whom such money has been paid or property delivered would have been entitled to an order of court for such payment or delivery and that such account ought to be allowed, the probate court may make a decree which shall have the same effect to discharge and exonerate the accountant and his sureties from further liability as if such payment or delivery had been made under a previous order of the probate court." This section was first enacted in substance by St. 1894, c. 303. It has never been construed and has been mentioned but once. *Burns* v. *Hovey,* 242 Mass. 363, 366.

It is not necessary to examine the scope and the implications of early decisions, rendered before the enactment of modern statutes, as to the jurisdiction of probate courts to allow accounts of executors or administrators showing payments of legacies or distributive shares to those entitled or supposed to be entitled to receive them. *Cowdin* v. *Perry,* 11 Pick. 502. *Granger* v. *Bassett,* 98 Mass. 462. *Browne* v. *Doolittle,* 151 Mass. 595. *Newell* v. *Peaslee,* 151 Mass. 601, 604. Under those cases, decided before the enactment of St. 1894, c. 303, an administrator would not be protected by the allowance of his account in

a case like the present. The procedure and rights established under that statute, now embodied in said § 23 already quoted, alone are involved in these cases.

The question is whether, in order to protect himself in making distribution of intestate property, an administrator must always take the precaution to act pursuant to an order of distribution entered under the inherent or special statutory authority of probate courts, or whether he may be protected by a decree allowing an account showing such distribution after the usual notice. Manifestly a decree of distribution as basis for making payments to the next of kin is the safe course for an administrator. Specific notice thus is given to the world of the fact that the next of kin are to be ascertained by the court for the purposes of a distribution of the estate. The appellant contends that, if the administrator makes distribution without a preceding decree for distribution and his account is allowed by appropriate decree showing distribution, such decree bars only those to whom payments by way of distribution are shown, but does not bar any next of kin, to whom no such payment has been made and who was not actually a party to that proceeding, from collecting the share in truth due him from the administrator. The appellee contends that said § 23 in a case like the present gives to the decree allowing the account the force and effect of a decree of distribution and absolves him from personal liability to next of kin situated as is the appellant.

It has been settled now for many years under statutes whereby the jurisdiction of probate courts has been enlarged that accounts of executors and administrators showing payments of legacies or distributive shares are proper in form and substance and rightly may be allowed. *Welch* v. *Boston,* 211 Mass. 178, 182, and cases there collected. The matter was discussed somewhat in *Libby* v. *Todd,* 194 Mass. 507. The question there in issue was whether a guardian *ad litem* appointed in a proceeding for the allowance of a final account to represent the interests of persons unborn or unascertained was warranted in con-

testing by adversary litigation the legality of a payment of the balance of the estate as shown by the account "which had been made" in the settlement of the estate "and which was ultimately for the benefit of his wards," such payment having been "made to those entitled under the will of the testator." The guardian *ad litem* was by such litigation asserting "a doubt as to his wards being entitled to the fund which every one conceded to be theirs, and insisting that the account should be disallowed for that reason." In the course of the opinion it was said at pages 511, 512: "In the case at bar there could be no liability on the part of the appellant's wards or on the part of anybody else to refund if the account in question had been allowed. Had the account been allowed there could have been no liability to refund because the allowance of the account would have established as against all interested in the fund the validity of the payment as therein set forth. . . . Before the case of *Palmer* v. *Whitney,* 166 Mass. 306, was decided, there seems to have been some doubt as to the conclusiveness of a decree allowing the final account of an administrator in which the accountant asked to be allowed for payments of distributive shares to the next of kin where there had been no order of distribution. Such practice seems on the one hand to have been recognized as permissible in *Emery* v. *Batchelder,* 132 Mass. 452; *Newell* v. *Peaslee,* 151 Mass. 601, 604, 605. On the other hand it would seem from what was said in *Browne* v. *Doolittle,* 151 Mass. 595, 596, and in *New England Trust Co.* v. *Eaton,* 140 Mass. 532, 533, that the practice did not meet with the approval of this court. . . . These doubts however were put at rest by *Palmer* v. *Whitney,* 166 Mass. 306, and the doctrine of that case seems to have been recognized by this statement in *Lamson* v. *Knowles,* 170 Mass. 295, 297: 'The settlement of the accounts of an administrator by implication includes the passing of an order for the distribution of the funds in his hands.' What was said in *Goff* v. *Britton,* 182 Mass. 293, 295, should not be taken to unsettle the practice established by *Palmer* v. *Whitney.*" It had also been settled

that, where a decree of distribution had been made by a probate court under either its inherent or statutory powers and distribution had been made in accordance with its terms, the administrator who conformed to it in good faith throughout was protected against liability to next of kin thereafter appearing for the first time. Such a decree was not impeachable collaterally. *Loring* v. *Steineman,* 1 Met. 204. *White* v. *Weatherbee,* 126 Mass. 450. *Harris* v. *Starkey,* 176 Mass. 445, 447. *Jones* v. *Jones,* 223 Mass. 540. Such decree of distribution may be revoked and revised in a direct proceeding to that end, so that a next of kin omitted by mistake from the distribution and not chargeable with laches may recover his rightful share from those to whom the estate has been distributed but without imposing liability upon the administrator. *Harris* v. *Starkey,* 176 Mass. 445.

It is in the light of these principles, some of them established since the enactment of the first form of G. L. c. 206, § 23, in St. 1894, c. 303, that the governing § 23 must be interpreted. It is manifest that its purpose was to extend some sort of additional protection to the accountant. Its practical effect would have been insubstantial and illusory if it be interpreted to go so far only as to protect the accountant against the persons to whom payments in distribution have been made as shown on the account. Payment to them in good faith gave him that protection at least, after the decision of *Palmer* v. *Whitney,* 166 Mass. 306. That decision was rendered in 1896, but no reference to St. 1894, c. 303, was made in the opinion or in the briefs presented to the court. That case must be treated as declaring the law without reference to the then recently enacted statute. Its reasoning rests upon principles of general probate law. There are several decisions in which reference is made to the allowance of an account showing payments by an administrator to those entitled to distributive shares as having the same effect as if such payments had been made pursuant to a previous order of distribution. *Rhines* v. *Wentworth,* 209 Mass. 585, 588. *Thompson* v. *De Visser,* 219 Mass. 40, 42. *Security Bank*

*of New York* v. *Callahan,* 220 Mass. 84, 88. See *Burns* v. *Hovey,* 242 Mass. 363. These decisions, although no one of them reaches to the point here raised, disclose an attitude of respect toward a decree allowing an account containing items of payment in the nature of distributive shares.

Close analysis of said § 23 shows that its design was to place an account allowed in conformity to its terms upon the same footing as an account after an order for distribution. The facts to which the section relates are payments of money or delivery of property made by the administrator to persons thought to be entitled to distributive shares, which payments or deliveries are set forth in detail on a subsequent account of his trust rendered to the court. The section deals solely with accounts showing distribution in whole or in part of property of an estate which might be the subject of a decree of distribution. If then, after due notice, it appears to the court that such payments or deliveries have been made to the persons who would have been entitled to the same under an order for distribution by the court, and that the account ought to be allowed, then a decree may be entered which shall have the same effect to discharge the accountant and his sureties from further liability as if he had acted pursuant to a previous order of distribution. The only way in which these last words can be given effect is by treating such decree as the equivalent of a decree of distribution followed by conforming payments and allowance by the court of an account showing such payments. In order to enter such decree as that shown in the cases at bar, the trial judge must have found all the facts which he would have been required to find if there had been, first, a decree upon a petition for an order of distribution, and then an account showing payments in conformity to it. The effect of the section is to combine in one proceeding, in the cases to which it is applicable, both an order of distribution and allowance of an account showing payments of the distribution ordered. It may well be that the section is not applicable to all cases and that an order of distribution may be necessary

in some instances. But the section is applicable to the facts disclosed on this record.

No question has been raised in the cases at bar concerning the form of the notice on the final accounts or the form of the decrees allowing such accounts. No consideration has been given to that matter.

In each case the entry may be

*Decree affirmed.*