SOJOURNER
*vs.*
CHARPONTIER.

---

### SOJOURNER *vs.* CHARPONTIER.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE
JUDGE THEREOF PRESIDING.

The parties to the appeal are alone competent to make a statement of facts, and not other persons who are not cited in the appeal.

So where the appellant agreed with the warrantor that the original documents should be brought up and read in the Supreme Court, and such warrantor was not cited: *Held*, that the appeal must be dismissed on the motion of the appellee ; the documents not being produced.

An agreement between the parties to the appeal, to bring up *the original documents* as part of the record, would be binding on both parties.

This is a petitory action. The plaintiff claims title to two tracts of land situated on the Bayou Têche, in the parish of St. Mary, in the possession and claimed by the defendant. The plaintiff alleges that the defendant is cultivating and cutting timber from the *locus in quo*, to his great injury. He prays for judgment giving him the land and quieting him in the possession thereof, together with one thousand dollars in damages.

The defendant set up title to the land in question, as derived from A. Porter and J. Baldwin, and cited them in warranty.

The warrantors appeared and set up title in themselves, and acknowledge they sold to the defendant, and support his title. They state, that one Joseph Gerbeau, who claims land adjoining the *locus in quo*, has refused to abide by the boundary lines as established by survey, but claims his line by parallel lines, which has the effect of depriving the warrantors of the land conveyed by them to the defendant according to the survey, &c. They pray that Gerbeau be made a party to this suit, &c. Gerbeau called one William Disk's heirs to defend him.

Upon these pleadings, and the evidence of title produced by the parties, the cause was tried by the court. Judgment was rendered in favor of the defendant for the land in contest, according to the boundary lines by which he claimed it. The plaintiff appealed. The defendant, Charpontier, alone was cited in the appeal.

The clerk of the District Court certified that the record contained a true and correct transcript of the original proceedings in the suit of Sojourner *vs.* Charpontier, on file and of record in his office; and that said transcript contains a correct copy of all the evidence introduced on the trial of said cause, except the documentary evidence, the originals of which the parties have agreed to take up to the Supreme Court without having them copied.

The appellant prayed an appeal, returnable to the *next term* of the Supreme Court at Opelousas, &c.

The judge granted the appeal *as prayed for*, on the appellant's giving bond and security according to law, in the sum of two hundred dollars. "Dated, 26th December, 1834."

The record of appeal was filed on the 16th day of September, 1835; on which day the court met at Opelousas to hold the annual term.

*Brownson*, for the defendant and appellee, moved to dismiss the appeal on the following grounds:

WESTERN DIST.

September, 1836.

SOJOURNER
vs.
CHARPONTIER.

1. The order of the District Judge granting the appeal, does not state any day on which the same shall be returned.

2. Because the transcript of the record contains no statement of facts, Judge's certificate, bill of exception or asssignment of errror, apparent on the face of the record.

· 3. The appeal is made returnable to a court which does not exist, and not to this honorable court.

4. Because the clerk of the District Court has certified to an agreement respecting the evidence, which he was not authorized to certify; and of whose existence this appellee has no knowledge, and which was never made by him.

5. The appeal has been taken from that part of the judgment below discharging the parties cited in warranty in the said cause, because those parties have not been cited to appear and answer to the said appeal, and because the appeal is irregular, informal, and erroneous.

*Splane*, for the appellant, filed his affidavit, stating that A. Porter, the ostensible defendant in this suit, being called in warranty by the defendant, Charpantier, did make the agreement mentioned in the certificate of the clerk, that the original title papers on which the rights of the parties depend, and on which the suit was tried in the District Court, should be produced in the Supreme Court.

2. That the statement of facts here produced by him, was agreed to between himself and Judge Porter; the original of which was to be brought into this court.

3. He further contended, that the appeal was to be brought up and tried by agreement, between him as counsel for the plaintiff, and Judge Porter, who managed the defence.

4. The appeal is made returnable to the next term of the Supreme Court, which necessarily means the first day of the term; and the record was returned and filed on that day.

*Martin, J.* delivered the opinion of the court.

The counsel for the appellee has moved this court to dismiss the appeal on several grounds; one of which only, it is necessary to notice.

The clerk of the District Court certified, that all the evidence on which the case was tried, is faithfully transcribed and contained in the record, except certain documents which the parties agreed should not be copied, but that the originals should be taken up and read in this court.

As the clerk is without authority to attest such an agreement, the appellant has produced an affidavit, averring, that it was agreed between the counsel for the appellant and A. Porter, who was one of the parties cited in warranty, that the originals of the omitted documents should be used on the appeal.

The judgment in the court below having been rendered against the plaintiff and in favor of the defendant in possession, the former contented himself with taking his appeal against the latter alone, leaving him (the defendant,) the choice to make such of the persons cited in warranty parties to the appeal, as he chose. None were so made, nor could, perhaps, be made.

As the judgment appealed from is to be reviewed contradictorily with the defendant and appellee only, it was with him or his counsel that a statement of facts should first be attempted to be made. This was not done. The transcript which has been brought up is insufficient. But, it is contended, that this defect has been cured by the agreement which is stated in the affidavit. Had this agreement been made between the parties to the appeal, they would have been bound by it. But this agreement took place between the appellant and one of the warrantors, against whom no judgment was given; and no appeal was prayed. The defendant and appellee, who was not a party to this agreement, correctly urges, that it was as to him, *res alios acta,* and he is not bound by it.

Let the appeal, therefore, be dismissed, with costs.

SOJOURNER
vs.
CHARPONTIER.

The parties to the appeal are alone competent to make a statement of facts, and not other persons who are not cited in the appeal.

So, where the appellant agreed with the warrantor, that the original documents should be brought up and read in the Supreme Court, and such warrantor was not cited: *Held*, that the appeal must be dismissed on the motion of the appellee, the documents not being produced.

An agreement between the parties to the appeal, to bring up the original documents as part of the record, would be binding on both parties.