HENRY A. HATCH, administrator, *vs.* JOHN B. PROCTOR & others.

An executor in his own wrong, who had sold and delivered goods, belonging to the estate of the deceased, by bill of sale with warranty of title, to A., at the request and on the credit of B., who knew that he was acting in his own wrong, was appointed administrator of the estate, and subsequently notified B. that he ratified the sale; B. said that the sale was fair and the price should ᵇᵉ paid; A. had always remained in possession of the goods. *Held*, that the administrator could maintain an action against B. for the price of the goods.

CONTRACT by the administrator of the estate of Frank J. Hatch, for the price of goods, belonging to the estate, sold and delivered to George L. Lawrence at the request of the defendants. At the trial in the superior court, before *Brigham*, C. J., the plaintiff offered to show that Frank J. Hatch died in 1866; that in October 1867, the plaintiff, (who was the brother of Frank J. Hatch,) acting as executor in his own wrong, sold and conveyed the goods in question, (which belonged to the estate,) to Lawrence, in consideration of the oral promise of the defendants to the plaintiff to pay him $1700 in cash towards the price of the goods; that at the time of the sale and promise the defendants knew that the plaintiff was acting as executor in his own wrong in the premises; that the plaintiff transferred the goods to Lawrence by bill of sale with warranty of title, and by delivery, and the defendants took from Lawrence a mortgage for $1700 on the property, to secure them; that on May 20, 1868, the plaintiff was duly appointed administrator of the estate, and took on himself the trust by giving bonds according to law; that, after he became such administrator, the plaintiff notified the defendants that, in his capacity of administrator, he ratified and confirmed all his acts, contracts and doings in the sale of the goods to Lawrence and with them, and in relation to the price therefor; that, soon after this notice, the defendant Proctor, who was the agent of the other defendants in the premises, told the plaintiff that the agreement of the defendants with the plaintiff as to paying the $1700 was fair, and the money should be paid; that soon afterwards the defendants notified the plaintiff that they claimed no title to the property under their mortgage, and regarded the same as invalid; and that the goods had always remained in the possession of Lawrence.

The judge ruled that the evidence, if admitted, would not sustain the action, and directed a verdict for the defendants. The plaintiff alleged exceptions.

*H. B. Staples & F. P. Goulding*, for the plaintiff.

*C. H. B. Snow & G. A. Torrey*, for the defendants.

COLT, J. The case presented in the offer of evidence is this The plaintiff, acting, with the knowledge of the defendants, as

executor in his own wrong of his deceased brother's estate, delivered certain personal property, with a bill of sale and warranty of title, to one Lawrence, in consideration of the verbal promise of the defendants to pay the plaintiff $1700 towards the price thereof. At the time of the sale and delivery, the defendants took a mortgage from Lawrence to secure them the amount to be paid, and no credit appears to have been given to him by the plaintiff. The property passed into the possession of Lawrence, and it does not appear that his title, or the title of the defendants, claiming under the mortgage, has ever been questioned by anybody else, or possession under it disturbed. After this, the plaintiff was regularly appointed administrator of his brother's estate, and notified the defendants that he ratified and confirmed, as administrator, all his acts and contracts with them in the sale of said property. And thereupon they told him, by the defendant Proctor, their agent in the premises, that the agreement for the payment of said sum was fair, and the money should be paid; though shortly after, while the property still remained with Lawrence, they notified the plaintiff that they claimed no title to the same under the mortgage, which they thought invalid.

In the opinion of the court, the evidence offered should not have been rejected. The facts, if proved, would entitle the plaintiff to maintain his action.

The defendants do not now insist that the contract cannot be enforced as against the statute of frauds. It was an original promise made by the defendants to pay for property delivered to another. *Stone* v. *Walker*, 13 Gray, 613. *Swift* v. *Pierce*, 13 Allen, 136.

The personal estate of a deceased intestate, when an administrator is appointed, vests in him by relation from the time of the death. Until then the title may be considered to be in abeyance. *Lawrence* v. *Wright*, 23 Pick. 128. He may have an action of trespass or trover for goods of the intestate taken before letters granted. When the wrongdoer has sold the property taken, the administrator may waive the tort and recover in assumpsit for money had and received. And, in a case very like the one at

bar, it was held that, where the sale was made avowedly on account of the estate, by one who had been agent of the intestate, the administrator afterwards appointed might recover from the vendee in assumpsit for goods sold and delivered. *Foster* v. *Bates*, 12 M. & W. 226, 233. It is said that, if an executor *de son tort* obtains letters of administration *pendente lite*, it legalizes his previous tortious acts. 1 Williams on Executors, (6th ed.) 598, and cases cited. By the law of this state, as laid down by Hoar, J., in *Alvord* v. *Marsh*, 12 Allen, 603, the letters of administration, by operation of law, make valid all acts of the administrator in settlement of the estate from the time of the death. They become by relation lawful acts of administration for which he must account. And this liability to account involves a validity in his acts which is a protection to those who have dealt with him.

The case here presents no question as to the peculiar liability of an executor in his own wrong, to creditors, to the rightful administrator, or to others who have suffered by his unlawful acts. As to the defendants, the sale here was not tortious. It was made legal, and the title of the vendee confirmed, by the retroactive effect of the subsequent letters of administration. Nor is it to be overlooked that the defendants knew, when the prop erty was delivered and the warranty of title given, that the vendor had no legal right to sell. There was no ignorance or mistake on their part, and no fraud or false affirmation of title on the part of the plaintiff. The property still remains undisturbed in the hands of the purchaser. The plaintiff's express confirmation of the sale was agreed to, and payment of the price promised. These last considerations alone would, under the circumstances, seem to be a sufficient answer to the defence set up Story on Sales, §§ 367 b, note, 423.    *Exceptions sustained.*