SARAH CATHAWAY, administratrix, *vs.* RESOLVED W. BOWLES, administrator.

Bristol.    October 23. — 30, 1883.    FIELD & W. ALLEN, JJ., absent.

An action cannot be maintained against an administrator, for a distributive share of the intestate estate, before a decree of distribution has been made by the Probate Court; and it is immaterial that the plaintiff claims to be the sole heir at law of the intestate, and has been paid a part of the balance in the administrator's hands for distribution.

CONTRACT for money had and received.    Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff offered evidence that the defendant was the administrator of the estate of William H. Robinson; and showed, by a copy of the defendant's first and final account as administrator, that there was a balance due the estate of Robinson of $622.    The plaintiff also offered evidence tending to prove that the plaintiff's intestate was the sole heir at law of Robinson; and that the defendant, as administrator, had since paid to her the sum of $300 on account of said balance, as such heir at law.

The plaintiff did not contend that any order of distribution had ever been made by the Probate Court, or that any demand had been made upon the defendant, except a general demand to pay the money as belonging to the plaintiff; but contended that, as the first and final account of the defendant had been filed and allowed by the Probate Court, and that, as nothing remained to be done but the payment of said $622 to the plaintiff as the sole heir at law of the intestate, this action could be maintained.

The defendant asked the judge to rule that no action could be maintained, under this declaration, until an order of distribution had been passed and a demand made thereunder.

The judge so ruled; and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*H. M. Knowlton,* for the plaintiff.

*H. Kingman & J. C. Sullivan,* for the defendant.

MORTON, C. J. Under our system, the administration of the estates of deceased persons, and the power of making decrees necessary for the distribution and settlement of such estates, are within the exclusive jurisdiction of the probate courts of the Commonwealth. The obligation to a distributee assumed by an administrator is " to pay to such persons as the court may direct any balance remaining in his hands upon the settlement of his accounts." Pub. Sts. *c.* 130, § 2. Gen. Sts. *c.* 94, § 2. This contemplates that an administrator is entitled to be protected by a decree of distribution, passed by the Probate Court, before he can be called upon to divide the balance remaining in his hands among those claiming it as distributees under the statutes. It has been held, that such a decree of the Probate Court is final and conclusive, so far as to protect the administrator who acts in good faith under it. *Pierce* v. *Prescott,* 128 Mass. 140. *White* v. *Weatherbee,* 126 Mass. 450. *Loring* v. *Steineman,* 1 Met. 204. The proper course for a distributee is to apply to the Probate Court for a decree of distribution. Upon the passing of such a decree in his favor, he has a plain remedy against the administrator, who also is fully protected by the decree. *Loring* v. *Steineman, ubi supra.*

A judgment of the Superior Court in favor of the plaintiff, in this case, would be conclusive only between the parties. It would not protect the administrator against any other person who might claim to be a distributee, but such person might apply to the Probate Court for a decree of distribution, and, if he succeeded in establishing his claim, the administrator would be obliged to pay him his distributive share. The laws intend that the Probate Court shall have exclusive jurisdiction of the question of distribution, and this excludes the power of the Superior Court to entertain an action at law, brought by a person claiming to be a distributee, before any decree of distribution has been passed.

It can make no difference that, in the case before us, the plaintiff claims to represent the sole heir at law, or that the

defendant has paid her one half of the balance in his hands. The administrator has the right to have the question whether the plaintiff's intestate was the sole heir at law, entitled to the whole balance in his hands, tried in the Probate Court, which court alone is competent to render a judgment which will fully protect all parties. *Exceptions overruled.*