JOHN B. PRITCHARD *vs.* GRANVILLE M. NORWOOD.

Essex.    November 3, 1891. — February 23, 1892.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Estate of Deceased Person — Promissory Note — Equitable Relief — Replevin.*

If the sole heir and distributee of an intestate estate free from debt, upon which no administration is taken out in his lifetime, takes possession of the entire estate including a promissory note, believing that he has a right to do so, and transfers the note upon a good consideration, the transferee gains no title to the note, legal or equitable, as against the administrator of the estate appointed after the distributee's death.

Replevin will lie for a promissory note.

REPLEVIN, by the administrator of the estate of Mary I. Gould, for a promissory note for $1,400, dated December 7, 1887, payable on demand to the order of the intestate, and signed by the Haverhill Aqueduct Company. The defendant filed the following answer:

" And now comes the defendant, and for answer denies each and every allegation in the plaintiff's writ and declaration contained, as fully as if the same were herein specifically set forth and denied. And further answering, the defendant says that Mary I. Gould, while the holder and owner of the note set forth in the plaintiff's writ, died intestate, and that Sarah F. Gould, mother of said Mary I. Gould, was entitled by the statute of distributions of this Commonwealth to all the goods and estate of the said Mary I. Gould, after the payment of all lawful debts. And the said Mary I. Gould did not at her death leave any debts, and no administrator was appointed for the estate of said Mary I. Gould until after the death of said Sarah

F. Gould, her mother. And the said Sarah F. Gould took and retained possession of all of the estate of said Mary I. Gould, including said note, and held the same as her own property, believing that she had a right to do so without authority from any court. And during the lifetime of Sarah F. Gould, and before the appointment of the plaintiff as administrator of said Mary I. Gould, the said Sarah F. Gould gave and delivered to the defendant, upon good consideration, the note mentioned in the plaintiff's writ. Wherefore, in equity and good conscience, the said note became the property of the defendant. And the defendant says that he is entitled in equity to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action mentioned in said writ, or against a judgment obtained by the plaintiff upon said writ."

The plaintiff filed the following demurrer to the defendant's answer:

"And now comes plaintiff in the above entitled action, and demurs to the answer of defendant in the same, and says that the said answer does not state a legal defence to the declaration, and is insufficient in law to bar the plaintiff's said action. And for reasons of demurrer the plaintiff assigns the following. Because,

"1st. The defendant admits that at her death Mary I. Gould was holder and owner of the note claimed in plaintiff's writ and declaration, and that no assignment, gift, or transfer of said note to defendant was made by the administrator of said Mary I. Gould, or by any one who is, was, or has been her personal representative.

"2d. Defendant sets up no claim of title at law to said note derived from any person entitled or authorized in law to give, transfer, or convey the same to him.

"3d. Defendant does not allege in his said answer that any written assignment, or any transfer in writing, was made of said note by Mary I. Gould to Sarah F. Gould, or by Sarah F. Gould to the defendant.

"4th. Defendant does not in his said answer set up title in himself to said note.

"For all of which reasons, and for each of them, plaintiff prays that said answer of defendant may be adjudged insuffi-

cient to bar the plaintiff's action, and that he, the plaintiff, may have judgment."

The Superior Court ordered judgment for the plaintiff; and the defendant appealed to this court.

*W. H. Moody & H. J. Cole*, for the defendant.

*A. Noyes*, for the plaintiff.

MORTON, J. By his demurrer the plaintiff admits all the allegations of the defendant's answer, except, it is agreed, the general denial contained therein. The answer, in substance, alleges that Mary I. Gould died intestate, and was at the time of her death the owner and holder of the note in replevin, and that her mother, Sarah F. Gould, was entitled as distributee to all of Mary's goods and chattels, after the payment of her debts; that Mary left no debts, and no administrator was appointed on her estate till after her mother's death; and that the mother took and kept possession of all the estate of Mary, including the note in question, believing she had the right to do so, and gave and delivered the note, upon a good consideration, to the defendant. No question is made that the plaintiff is the duly appointed administrator of the goods and estate of Mary I. Gould, who, we assume, died within twenty years. The defendant contends that Sarah F. Gould was the equitable owner of the note after the death of Mary, and after she had taken possession of it, and that he succeeded to her rights as equitable owner of it, and that under the St. of 1883, c. 223, § 14, he is entitled in equity and good conscience to be relieved absolutely against the plaintiff's claim.

There is no doubt that upon the death of Mary I. Gould her mother's right as distributee vested in her at once. *Hayward* v. *Hayward*, 20 Pick. 517. *Nickerson* v. *Bowly*, 8 Met. 424. 1 Redfield on Wills, (3d ed.) 412. This right gave to her the power to compel, under the direction of the Probate Court, an administrator, when appointed, to account to her ultimately for the estate. *Cathaway* v. *Bowles*, 136 Mass. 54. It did not vest in her a legal or equitable title to the estate as a whole, or to any particular portion of it. The title remained in abeyance till the appointment of an administrator, and then vested in him by relation from the death of Mary. *Jewett* v. *Smith*, 12 Mass. 309. *Clapp* v. *Stoughton*, 10 Pick. 463. *Lawrence* v.

*Wright,* 23 Pick. 128.   *Hatch* v. *Proctor,* 102 Mass. 351.   1 Wms. on Executors, (6th Am. ed.) 697.

As distributee or heir, the mother could lawfully take possession of the note, and keep it safely till the appointment of an administrator, but she could convey no title to it as against an administrator.   *Lawrence* v. *Wright,* 23 Pick. 128.   She could not have retained it herself, as against an administrator, even though she was the sole heir at law.   *Cathaway* v. *Bowles,* 136 Mass. 54.   *Bean* v. *Bumpus,* 22 Maine, 549, 554.   Though the primary object in the appointment of an administrator is to secure the payment of the debts of the deceased out of his estate, and the distribution among the heirs of any balance that may remain, the Probate Court may appoint an administrator where there are no debts, and that fact does not affect his title to or right to recover the personal property belonging to his intestate.   Without doubt, as suggested by the defendant, intestate estates are frequently settled by the heirs among themselves, without the appointment of an administrator.   So long, in such cases, as all parties are content to abide by the settlement, it suffices.   What the result might be if, after the settlement, a dissatisfied heir or some other person should be appointed administrator, we need not now consider.   The defendant concedes that the legal title to the note may be in the plaintiff, and the conclusion to which we have come on this branch of the case is, that he shows no equitable title to or interest in it, and therefore no ground for equitable relief.

The defendant contends, in the next place, that replevin will not lie for a promissory note.   He has referred us to no authority for the proposition.   In *Bartlett* v. *Brickett,* 14 Allen, 62, it seems to have been assumed, as a matter of course, that replevin would lie for bank bills, postage stamps, United States bonds, and promissory notes.   And it seems also to have been so held in *Black River Ins. Co.* v. *New York State Loan & Trust Co.* 73 N. Y. 282, and *Merrell* v. *Springer,* 123 Ind. 485.   See also *Drake* v. *Auerbach,* 37 Minn. 505 ; *Smith* v. *Eals,* 81 Iowa, 235 ; *Deshler* v. *Dodge,* 16 How. 622.   We think it is clear that replevin can be maintained.

*Judgment affirmed.*