MARGARET TALLON *vs.* ANNIE J. TALLON.

Suffolk.  March 1, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Legatee of Fractional Part of Residue — Suit against the Administrator of Deceased Executor.*

A legatee of a fractional part of the residue of an estate in process of being administered in the Probate Court under a will cannot, in a suit at law, under the Pub. Sts. c. 136, § 19, recover of the administrator of the estate of the deceased executor of the will the amount of the legacy before the amount of the residuum has been ascertained, either in the Probate Court or by an action on the bond.

As the administrator of a deceased executor is not charged with the administration of the first testator's estate, an action cannot be brought by a legatee for a legacy against him, even if he is liable as administrator of the executor to the administrator *de bonis non* of the testator's estate which the executor has not accounted for or has wasted or converted to his own use.

FIELD, C. J.  The substance of the amended declaration, so far as material to the question of law raised by the demurrer, is as follows.  Joseph P. Tallon died in the year 1864, testate.  By his will he gave the income of the residue of his property, which was about $10,000, to his mother, Ellen Tallon, for her life, and on her death the principal to his two brothers, James H. and Thomas A. Tallon, and his two sisters, Ellen and Margaret, in equal shares.  Margaret is the plaintiff in the present action; and was entitled under the will to one quarter of the property

after the death of the mother.   The brothers, James H. and Thomas A., were named as executors in the will, and were appointed executors by the Probate Court, and they duly qualified as such on October 19, 1864.   The executors invested $5,000 of the property in real estate, taking a deed to themselves as trustees under the will, and $2,000 in a mortgage of real estate, taking a deed to themselves as executors.   James H. Tallon died on October 4, 1875, leaving a will, which was duly probated, in which he gave the property which was given to him by the will of Joseph P. Tallon to Thomas A. Tallon and Margaret Tallon, in equal shares, so that, after the death of James, Margaret's share of the residue of the property of Joseph on the decease of her mother became three eighths.   Ellen, the mother, died on March 4, 1878, and Thomas, after the death of James and after the death of his mother, continued until his own death to act as surviving executor of the will of Joseph.   Thomas died in February, 1888.   The declaration alleges that, after the death of Ellen Tallon, Thomas, as executor, collected the rents and profits of the real estate, and the sum of $500 on the mortgage, and received besides in money and other property the sum of $2,887.73, as well as interest on the mortgage, to three eighths of all which the plaintiff was entitled, and that no part of this has been paid over to her, " and no part thereof has been accounted for to the estate of said Joseph P. Tallon, but the same has been absorbed and concealed in the assets of the estate of Thomas A. Tallon, of whose estate defendant is administratrix."   Neither James nor Thomas was ever appointed trustee.

This is an attempt, by a legatee of a fractional part of the residue of an estate, in process of being administered in the Probate Court under a will, to recover of the administrator of the estate of the deceased executor of the will, in a suit at law, the amount of the legacy, without first having had any account taken in the Probate Court.   No suit on the bond of the executor under the authority of the Probate Court has been brought.

The contention is that the action can be maintained under Pub. Sts. c. 136, § 19.   See *Cowdin* v. *Perry*, 11 Pick. 503.   It is clear that an action for a specific legacy, or for a definite pecuniary legacy, will lie against an executor or an administrator with the will annexed, but it may be doubted whether a legacy

of a part of a residue can be recovered in this way before the amount of the residue has been ascertained, either in the Probate Court or by an action on the bond. The reasons why an action cannot be maintained against an administrator for a distributive share of an intestate estate before a decree of distribution may perhaps tend to show that an action for a part of a residue cannot be maintained till the amount of the residue has been ascertained. See *Conant* v. *Stratton,* 107 Mass. 474, 483. If the plaintiff can maintain an action for her fractional part, the other legatees can maintain similar actions, and the amount of the residue must be separately ascertained in each suit, and may not be the same in the different suits. Whether, however, such an action against an executor or administrator with the will annexed can be maintained or not, the decisive objection to the present action is that under the statute a legacy is a kind of debt for which an action can be maintained only against an executor as executor, and not against the executor personally, and therefore the action cannot be maintained against the administrator of the estate of the executor. When a sole or last surviving executor dies, and there is anything to be performed under the will, an administrator *de bonis non* must be appointed. The executor or administrator of the deceased executor is not, as such, the administrator of the estate of the first testator. Pub. Sts. c. 129, § 10. Wms. on Executors, (6th Am. ed.) 293. An action for the legacy may be brought against the administrator *de bonis non,* if there are assets of the estate in his hands. *Collins* v. *Collins,* 140 Mass. 502. See *Brooks* v. *Lynde,* 7 Allen, 64. *Jenkins* v. *Wood,* 140 Mass. 66. But as the administrator of the deceased executor is not charged with the administration of the first testator's estate, an action cannot be brought by a legatee for a legacy against such administrator, even if he is liable to the administrator *de bonis non* of the testator for the property of the testator's estate which the executor has not accounted for, or has wasted or converted to his own use.

*Judgment affirmed.*

*J. A. Maxwell,* for the plaintiff.

*T. F. McDonough,* for the defendant.