ELLEN FLYNN *vs.* WILLIAM J. FLYNN & others, executors.

Suffolk. January 25, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Widow. Executor.*

A widow cannot maintain a bill in equity to recover personal property alleged to have been conveyed by her late husband during his lifetime without consideration and in fraud of the plaintiff's rights. If the property was conveyed wrongfully, the executor or administrator may recover it for the benefit of the persons entitled to it.

KNOWLTON, C. J. The plaintiff as the widow of David Flynn, and entitled to a share of his estate, brings this bill to recover personal property alleged to have been conveyed by her husband in his lifetime to his son the defendant, William J. Flynn, without consideration and in fraud of the plaintiff's legal and marital rights. She avers that the conveyance was induced by fraud and undue influence of this defendant, with the intent to deprive her of all benefit of her husband's estate. She also avers that an instrument purporting to be the last will and testament of David Flynn, which was procured by the fraud and undue influence of this defendant, has been offered for probate in the Probate Court of the County of Suffolk, that she has opposed its allowance and that it has not yet been admitted to probate. This defendant is one of the persons named in it as executors, and he has been appointed special administrator of the estate. She has joined these executors as defendants in this bill. The defendants have demurred to the bill, averring that it states no ground of equitable relief and that the plaintiff is not a proper party to bring a suit for the property. The demurrers were sustained, a final decree was entered for the defendants and the plaintiff appealed.

If the property was wrongfully conveyed, as the plaintiff alleges, the executors or administrator who are the personal representatives of the deceased are the proper parties to recover it for the benefit of those who are entitled to it. The title to all the personal property of a deceased person vests in his executor or administrator by relation from the time of his death, and no one else can maintain an action for it. *Lawrence* v. *Wright*, 23 Pick. 128. *Hatch* v. *Proctor*, 102 Mass. 351, 353. Not even the sole heir at law, or a legatee, has any title which he can enforce by suit against a third person. *Pritchard* v. *Norwood*, 155 Mass. 539. *Lawrence* v. *Wright, ubi supra.* `Drury* v. *Natick*, 10 Allen, 169, 174. *Putney* v. *Fletcher*, 148 Mass. 247. By our laws the settlement of the estates of deceased persons is to be under the direction and supervision of the Probate Court, which appoints an executor or administrator to represent the interests involved. If an administrator proves to be unsuitable for that purpose, he may be removed and another appointed in his place. If an executor or administrator has a conflicting personal interest

which prevents him from doing his official duty, he is deemed unsuitable. *Drake* v. *Green*, 10 Allen, 124, 126. But the plaintiff's rights cannot be enforced by a suit in equity in her own name against those holding her husband's property.

The rights of persons interested as distributees can be determined only after proper proceedings in the Probate Court, which end with a final account and a decree for distribution. Ordinarily a distributee cannot maintain an action against the administrator until there has been a decree for distribution. *Browne* v. *Doolittle*, 151 Mass. 595, 598. *Tallon* v. *Tallon*, 156 Mass. 313, 314, 315. *Cathaway* v. *Bowles*, 136 Mass. 54. The case of *Cummings* v. *Cummings*, 143 Mass. 340, in the facts alleged, was very similar to the case at bar, and it is an authority which fully covers the question before us.

*Decree affirmed.*

*J. J. Feely*, for the plaintiff.
*W. B. F. Whall*, for the defendants.