JOHN B. RHINES, executor, *vs.* GEORGE L. WENTWORTH, administrator with the will annexed.

GEORGE L. WENTWORTH, administrator with the will annexed, *vs.* AVIS E. RHINES, executrix.

Norfolk.    March 23, 1911. — September 6, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Executor and Administrator.    Equity Jurisdiction,* Protection of property from apprehended conversion.

A testatrix, by the fourth article of her will, devised and bequeathed the residue of her estate to her brother "to have and to hold, use and improve the same, without the intervention of any trustee, for and during his natural life; and on his decease I give, devise and bequeath whatever may then be remaining of said rest and residue and accumulations, if any, to said town of W," to be used for public purposes.   The brother of the testatrix was made executor of the will. He died without rendering any probate account, and after his death an account of his administration of his sister's estate was presented to the Probate Court in which he was credited with the amount of the "rest and residue paid over, transferred and delivered" to himself "as residuary legatee under article fourth of will."   The Probate Court made a decree allowing the item.   On an appeal· from the decree there was no extrinsic evidence.   *Held,* that the beneficiary was entitled as trustee in his own behalf to the possession and control of the principal of the personal property of his sister's estate with the right of unrestricted expenditure of the income, that a decree of distribution for the transfer of the property was unnecessary, as the allowance of the account in which the executor was credited with the transfer of the residue to himself had the same effect as a decree of distribution, and that the decree allowing the account should be affirmed.

An action at law will not lie against an executor for the alleged conversion of the residue of the personal estate of his testator by transferring it to himself as residuary legatee, if it appears by the declaration that the question of the legality of such transfer is pending in the Probate Court in the proceedings upon the allowance of the executor's account, in which all persons interested in the estate have the right to appear.   If an interested person is apprehensive that, before the account is passed upon, the property for which the executor is bound to account may be wasted or converted, his remedy is by a bill in equity.

APPEAL from a decree of the Probate Court of the County of Norfolk, made by *Flint,* J., on December 15, 1909, allowing the first and final account of John B. Rhines, as executor of the will of Helen M. Rhines, filed by Avis E. Rhines, the executrix of the will of John B. Rhines, and

CONTRACT OR TORT by the administrator *de bonis non* with the will annexed of the estate of Helen M. Rhines against the executrix of the will of John B. Rhines, with a count in contract for $35,000, referring to an annexed copy of the will of Helen M. Rhines, and a count in tort for an alleged conversion of certain securities, named in an annexed schedule, amounting to $35,804.87, an allegation being added by amendment that both of the counts were for the same cause of action. Writ dated October 13, 1908.

In the first case the appeal was heard by *Sheldon,* J., who made a final decree affirming the decree of the Probate Court, from which the respondent, who was the plaintiff in the second case, appealed.

The declaration in the second case is described more fully in the opinion. The will of Helen M. Rhines, of which a copy was annexed to the declaration, was dated December 21, 1895, and was proved on May 24, 1899. By the first article John B. Rhines, the brother of the testatrix, was named as executor with a request that he be not required to furnish any security on his bond as such executor. The second article gave legacies to a charity and to various persons. The third article gave to John B. Rhines a legacy of $5,000 and also devised to him a certain lot of land in Weymouth. The fourth article was as follows:

" Fourth. I also give, devise and bequeath to my said brother all the rest and residue of my said estate, real, personal and mixed, including herein my homestead in said Weymouth with the buildings and land belonging thereto, formerly occupied by our late father and devised by him to me, to have and to hold, use and improve the same, without the intervention of any trustee, for and during his natural life; and on his decease I give, devise and bequeath whatever may then be remaining of said rest and residue and accumulations, if any, to said town of Weymouth, to be appropriated for the construction, on the site of my said homestead, in memory of my father, the late John C. Rhines, of a public building, to be used for such purposes as said town may decide to be advisable. If, on the decease of my brother there should not be, in the judgment of the town, sufficient for the purpose above stated, it is my will that the property should accumulate till there be a sufficiency and then my plan be carried out."

Here followed the attesting clause.

The defendant demurred to the declaration, assigning four causes of demurrer, of which the second and third were as follows :

" 2. For cause of demurrer to the said declaration the defendant says that it appears therefrom that the accounts of said John B. Rhines as executor of the will of said Helen M. Rhines, although filed by the defendant, have not yet been settled in said Probate Court for said County of Norfolk, and the claims and 'right of retainer' of said John B. Rhines against the estate of said Helen M. Rhines have not yet been determined.

" 3. For cause of demurrer to the said declaration the defendant says that it appears therefrom that the plaintiff's remedy, if any, is by a bill in equity and not by an action of law."

By an order made on January 30, 1909, *Richardson*, J., sustained the demurrer on the second and third grounds specified. On November 14, 1910, *Pierce*, J., ordered that judgment be entered for the defendant. From the judgment entered in accordance with this order the plaintiff appealed.

*C. E. Shattuck*, for Avis E. Rhines, executrix.

*O. Storer*, (*G. L. Wentworth* with him,) for George L. Wentworth, administrator with the will annexed.

BRALEY, J.   By the fourth clause of her will, Helen M. Rhines devised and bequeathed the residue of her estate including her homestead and land thereto belonging, to her brother John B. Rhines, " to have and to hold, use and improve the same, without the intervention of any trustee, for and during his natural life; and on his decease I give, devise and bequeath whatever may then be remaining of said rest and residue and accumulations, if; any, to said town of Weymouth " to be used for public purposes.   John B. Rhines, who also was the executor of the will, having died without rendering any probate account, Avis E. Rhines, the executrix of his will, presented for allowance the account of his administration of the estate, in which she asked to have allowed the amount of the " rest and residue paid over, transferred and delivered to John B. Rhines as residuary legatee under article fourth of will."   The account was allowed in the Probate Court, and, the decree having been af-

firmed by a single justice of this court, the case is before us on an appeal which contains no extrinsic evidence,* the appellant relying only on the reasons of appeal from the probate decree, that the allowance of this item was improper.

We assume, that the real property has not been disposed of and that upon the death of the life tenant the town was entitled to possession, if it chose to accept the devise. The item in dispute relates wholly to personalty which came into the possession of John B. Rhines as executor, and then was transferred to himself. If the testator has not expressed an intention to the contrary, there is an implied trust in a gift of personal property, where the legatee takes the income only with a remainder over, and the property should be held by a trustee, or, if none is appointed, by the executor as trustee. *Hooper* v. *Bradbury*, 133 Mass. 303, 307. The testatrix, however, distinctly declares, that her brother during his life is to have the enjoyment of the personal property without the intervention of a trustee, while the fund with the accumulations, if any, at his death is bequeathed to the town. The gift was not absolute but qualified by the purpose of the testatrix to create a trust without making any distinction between the personal and real estate. The beneficiary was entitled as trustee in his own behalf to the possession and control of the principal with the right of unrestricted expenditure of the income. See *Homer* v. *Shelton*, 2 Met. 194, 206; *Howland* v. *Howland*, 100 Mass. 222; *Taggard* v. *Piper*, 118 Mass. 315; *Chase* v. *Chase*, 132 Mass. 473; *Sherburne* v. *Sischo*, 143 Mass. 439, 442, and *Thissell* v. *Schillinger*, 186 Mass. 182. The formality of a decree of distribution was unnecessary before he could receive the property. Under R. L. c. 150, § 19, payment of a legacy, or the transfer of a portion of the estate to a trustee, or to a legatee who is to act as his own trustee, may be stated in the accounts of an executor, and the allowance of the account has the same effect as a decree of distribution under the statute. *Palmer* v. *Whitney*, 166 Mass. 306. *Lamson* v. *Knowles*, 170 Mass. 295, 297. *Libby* v. *Todd*, 194 Mass. 507, 512.

The declaration in the action at law sets out a copy of the

---

* The final decree made by the single justice contained a recital that no testimony was offered by either party, and that the allowance of the item as to the transfer of the residue was the only matter in controversy.

will, and contains a count in contract alleging, that the residue, having been held in trust, still remains to be administered, and that, although the defendant has filed an account of her testator, which is still pending for allowance, the account only shows a pretended disposition of the property, and she owes the plaintiff the residuary amount which came into his possession as executor of the will of his sister. The second count, with an averment that both counts are for the same cause of action, alleges, that the defendant's testator converted the property to his own use, and the act of conversion relied on, is the transfer by the executor to himself as legatee. If the property was wrongfully transferred, the plaintiff may recover it for the benefit of the town. *Flynn* v. *Flynn*, 183 Mass. 365, 366. But the defendant is not charged with the administration of the testatrix's estate, and if there are assets which the defendant's testator has not accounted for, she would be liable only upon the settlement of his probate account. *Tallon* v. *Tallon*, 156 Mass. 313, 315. *Foster* v. *Bailey*, 157 Mass. 160. *Green* v. *Gaskill*, 175 Mass. 265, 269. *Flynn* v. *Flynn*, 183 Mass. 365, 367. The question, whether the action of the executor was authorized by the terms of the will was involved and would have to be determined, and the plaintiff as the representative of the estate had the right to appear and be fully heard. *Thayer* v. *Kinsey*, 162 Mass. 232, 235.

The second ground of demurrer, therefore, having been well taken, the other causes assigned need not be considered. If the plaintiff was apprehensive, that, until the account had been passed upon, the stocks and securities enumerated in the schedule annexed to the declaration, if in the possession and control of the defendant, might be wasted or converted, he should have brought a bill in equity for their preservation. *Holmes* v. *Holmes*, 194 Mass. 552, 556. But under our decision in the first of the cases at bar the defendant's liability is dependent upon the conversion, if any, by John B. Rhines of the trust estate after he received it from himself as executor.

In the first case, the decree of the Probate Court, and in the second case, the judgment in favor of the defendant, must be affirmed.

*So ordered.*