## DISTRIBUTION OF PROMISSORY NOTE BY ADMINISTRATRIX WITHOUT ORDER OF COURT.

Circuit Court of Cuyahoga County.

CHRIST MEISTER ET AL v. JOHN FEUERSTEIN.

Decided, January 29, 1912.

*Promissory Note Belonging to Estate—Endorsement of, by Administratrix—Order of Court—Title of Endorsee.*

One to whom a note is endorsed by the administratrix of the estate of a deceased payee, may maintain suit thereon, though no order of distribution in kind was obtained from the probate court at the time, where it appears that all the debts of the estate had been paid and the distribution of the note was afterwards reported to the probate court and approved by it.

*R. E. McKisson,* for plaintiff in error.
*Morgan & Litzler,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The plaintiffs in error were defendants and the defendant in error was plaintiff in the court of common pleas. When the terms "plaintiff and defendants" are used herein, reference is made to the relation of the parties in the court below.

The plaintiff brought suit in the court of common pleas against the defendants to recover on a promissory note, a copy of which is as follows:

"$300.00                    CLEVELAND, O., Jan. 14, '95.

"One year after date I promise to pay to the order of Christ Feuerstein, three hundred dollars, at six per cent (6%) interest. Value received.

> "CHRIST MEISTER,
> "JOHANNA MEISTER."

The note bears the following endorsement.

"Pay to the order of John Feuerstein.

> "ESTATE OF CHRIST FEUERSTEIN,
> "by EVA FEUERSTEIN, *Administratrix.*"

It is established by the evidence set forth in the bill of exceptions that Christ Feuerstein, the payee in said note, was the father of the plaintiff; that some time prior to the bringing of the action, Christ Feuerstein died intestate, leaving the plaintiff his sole heir at law, and leaving a widow, Eva Feuerstein, who was duly appointed administratrix of his estate and who qualified as such; that all of the debts of his estate having been paid, the plaintiff and said administratrix entered into an agreement whereby the former was to take all the remaining property left by said Christ Feuerstein, and pay to the administratrix for her interest in the estate, as widow, the sum of $4,000; that pursuant to this agreement. the note sued upon was indorsed over to the plaintiff in the manner indicated; that at the time of the making of this agreement and the indorsement of the note by the administratrix and its delivery to the plaintiff, no approval of the probate court had been obtained but that subsequently, after the suit was started, but before it was tried, the probate court, on the application of said administratrix, and with the consent of the plaintiff, duly approved the distribution in kind

of said note to the plaintiff; that the trial in the court below resulted in a verdict and judgment in favor of the plaintiff.

Upon this state of facts on the errors assigned, we are called upon to determine whether the plaintiff could rightfully bring suit on the note.

It is contended by the defendants that the title to the note in question was in the administratrix of the estate, and until the approval of the probate court was obtained, in compliance with the statute providing for a distribution in kind of certain forms of personal property, in which notes are included, she had no authority or right to transfer the note to the plaintiff, and he took no title by the indorsement. In other words, defendants contend that the plaintiff was not the real party in interest, and therefore could not bring the action.

Section 10839, General Code, provides:

"An executor or administrator who has paid all the debts of an estate, but has in his possession notes, bonds, stocks, claims or other rights in action, belonging thereto, with the approval of the probate court entered on its journal, and the assent and agreement of the persons entitled to the proceeds of such assets as distributees, including executors, trustees and guardians, may distribute and pay them over in kind to those of such distributees as will receive them."

The plaintiff and administratrix, in this case, were the only parties concerned or interested in the distribution of the estate. The debts had all been paid at the time the note was taken by the plaintiff. There were no creditors to complain, because the debts of the estate had all been paid. Absolutely unimpeachable was the formal approval of the probate court, which was secured after the suit was started but before the trial took place.

In our opinion, the omission to secure the formal approval of the probate court did not operate to deprive the plaintiff of his right to bring suit on the note. The administratrix, being vested with the legal title to the note, by her indorsement transferred that legal title to the plaintiff. He thereby acquired a voidable, not void, title. As against creditors whose rights might be affected, or other distributees not consenting to the transaction,

his title might have been assailed; but there were no such creditors and no such distributees. The only parties financially interested in the estate were the plaintiff and the administratrix, and when the latter entered into the agreement which resulted in the plaintiff taking the note, he became the only person financially interested therein, and at the commencement of the suit had both the legal title and beneficial interest therein.

The plaintiff would, of course, take the title with notice that it was liable to be defeated by the assertion of the claims of possible creditors, or perhaps by the refusal of the probate court to sanction the agreement between himself and the administratrix. His position would be analogous to one who, with knowledge, acquires trust property from a trustee. The law in such case is set forth in *Perry on Trusts,* Volume 1, Section 274, in this language:

"If a trustee conveys away the trust estate to another, even his co-trustee, and appoints another to execute the trust, the conveyance may pass the valid legal title, but it will have no effect in relieving the original trustee from responsibility, if the transaction is not sanctioned by the decree of the court, or by consent of all parties interested and it will transfer no authority to the person thus appointed, except to make him a trustee *de son tort,* if he attempts to interfere with the trust estate." See also *Perry on Torts,* Volume 1, Section 334.

The subsequent approval of the probate court confirmed the plaintiff's title to the note, and would have relation back to the time of its acquisition by him. We are supported in this opinion by *Palmer* v. *Whitney,* 166 Mass., 306. In the opinion, on page 308, Field, C. J., says:

"It has been held that the only way in which an administrator of an intestate estate can effectually protect himself against the claims of all possible distributees, is by obtaining a decree of distribution and distributing the estate in accordance therewith. Such a decree, obtained according to law after due notice, is a protection against all the world. (*Gathaway* v. *Bowles,* 136 Mass., 54.) But it is a common practice, when the distributees are known and their shares undisputed, to pay them what is due without a decree of distribution and to credit payment in the final account. When such payments are made and are credited

in the account, and the distributees assent to the account, or have notice of it and make no objection to the allowance of it, or are heard upon the allowance of it and their objections are overruled, we see no reason why the account should not be allowed.   If the distributees have actually received all they are entitled to, they ought not to be heard to complain that the formality of obtaining a decree of distribution has been omitted.   An administrator distributing property without a decree of distribution incurs the risk that there may be distributees who are not bound by the allowance of his account, but if he is willing to take this risk, the distributees who have received all they are entitled to can not complain of the procedure.''

In *In re Scott's Account*, 36 Vermont, 297, the court on page 300 says:

''The main purpose of the statute in providing for the order of distribution seems to be to insure the just accountability to the party entitled for the money thus being in the hands of the administrator.   When that end has been accomplished by this voluntary action, there would seem to be no occasion for resorting to the court for an order in that behalf.

''Another purpose of that provision seems to be to enable the administrator to protect himself under an order of the court against any claims that might be made on him for funds of the estate in his hands.   If he should see fit to take the risk of disposing of the funds without the shield of such order, and no claim should be made upon him by any person otherwise entitled to those funds, and in point of fact he had paid them over to the person entitled and to whom they would have been ordered to be paid, it is difficult to see on what ground the transaction can be called a question.''

The case of *Maraten et al. Administrators*, v. *Noble et al*, 10 La. Reports, 210, is similar to the case under consideration.   The syllabus reads as follows:

''The defense to the plaintiffs' action on a promissory note was that the note belonged to the estate of Kemp; that it was not a negotiable instrument, and that no legal title passed to the transferee.   The note, however, being indorsed in blank by Noble, the payee, and by Lea in his individual capacity, went into the hands of Bullard.   *Held*:   There is no affirmative evidence impeaching the validity of this transfer as one detrimental to the estate of Kemp, and Noble having been notified of the

transfer some time before suit brought, and no payment having
been made to the estate on account of the note. there is no
equitable reason for turning plaintiff out of court for not show-
ing a judicial authorization of transfer to him.''

Our attention has been called to *McBride, Admr.,* v. *Vance,*
73 O. S., 258, where it is held that the personal property of a
deceased person does not vest in his heirs, but is in abeyance
until administration is granted, and is then vested in the ad-
ministrator by relation from the time of death, and no right of
action on a promissory note belonging to a deceased person is
shown by a party in an action on the note by proof of possession
and that he is the sole heir of the decedent.

It is claimed by the plaintiff in error that this decision should
control in this case, but in our opinion an entirely different ques-
tion was involved in that case than the one under consideration.
There the plaintiff did not, as in this case, derive title through
an administrator, but sought to recover solely on the theory that
she was the sole heir at law of the decedent to whom the note
belonged, and that having possession of the note she was entitled
to maintain the action. It is clear that she had no legal title
to the note sued upon, and perhaps had no beneficial estate there-
in. depending upon the question of whether or not the proceeeds
of the note might be necessary for the payment of debts of the
estate. Here the plaintiff obtained title by the indorsement of
the administratrix, which, though voidable when it was acquired
by him, was in fact not avoided, but on the contrary, confirmed
by the action of the probate court, and in addition to the legal
title, had the sole beneficial interest in the note.

We find no error prejudicial to the plaintiffs in error in the
rulings of the court of common pleas in which the question of
the right of the plaintiff to bring his action was raised, and no
error in any of the matters assigned in the petition in error
as grounds of error, and the judgment of the court of common
pleas is affirmed.