WABAN ROSE CONSERVATORIES *vs.* WALTER S. HALL.

Suffolk.   March 19, 1914. — September 11, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Land Court,* Appeal.

Under R. L. c. 128, § 13, as amended by St. 1910, c. 560, § 1, a legatee of money under the will of a testator, whose estate is alleged to be involved in proceedings in the Land Court for a registration of the title to a parcel of land, has no interest in the land which can make him a party aggrieved by a decree of the Land Court concerning it and give him a right to claim an appeal.

LORING, J.   On December 4, 1913, a decree was entered by the Land Court, registering the petitioner's title to a parcel of land in Marshfield.

On December 31, 1913, one Walter Scott Hall, not a party to the petition, filed a claim for an appeal under R. L. c. 128, § 13

(amended by St. 1910, c. 560, § 1), supported by an affidavit that he had not received notice of the proceedings before the decree was entered.

The judge of the Land Court * ruled *inter alia* that Hall was not an "aggrieved party," and the case is here on an exception taken to that among other rulings.

The petitioner's title came through a foreclosure of a mortgage made by one MacMulkin. MacMulkin took title from one George W. Emery.

Emery died in July, 1909, leaving a will by which he bequeathed $10,000 in trust to Hall subject to a life estate to Hall's mother, Mary A. Hall. This gift in the will was followed by this clause: "As, however, I now owe said Mary A. Hall certain sums for borrowed money and for board and care; if prior to my decease I shall have paid said Mary A. Hall her said indebtedness then and in that event this bequest shall be null and void and of no effect." The mother predeceased the testator, and her executors recovered judgment amounting to $11,151.86 from the estate of Emery for the sums due her from Emery.

The claim which Hall wishes to pursue under his claim of a late appeal is based on the following statements, which he alleges to þe facts: That when the land in question was conveyed by Emery to MacMulkin, he (MacMulkin) made an oral agreement of defeasance by which he agreed to reconvey the land to Emery on payment of a debt then due from Emery to him (MacMulkin); that the petitioner took with notice of the oral agreement of defeasance; that there is now a right to redeem under the oral agreement of defeasance; that by such redemption money could be obtained from Emery's estate; and that from that money the legacy to the appellant could be paid.

We have not undertaken to state all the facts which show that Hall has not stated a case. It is enough to dispose of Hall's right to claim a late appeal from the decree registering the petitioner's title to this land, that Hall has no interest in the land. He is a legatee under Emery's will and nothing more. One who is given a legacy of money by a will does not thereby acquire any title legal or equitable to any portion of the estate real or personal

* *Clark, J.*

of the testator. *Pritchard* v. *Norwood,* 155 Mass. 539. *Flynn* v. *Flynn,* 183 Mass. 365, 366. Hall's right in Emery's estate (if he has any now) is the right to have the estate properly wound up and his legacy paid, and that right must be pursued in the Probate Court. *Norton* v. *Lilley,* 210 Mass. 214, 217.

*Exceptions overruled.*

*C. H. Dow,* for the respondent.
*R. G. Dodge,* for the petitioner.