## Henry Ades Fowler, Administrator of the Estate of Henry Patkin, Deceased, Plaintiff in Error, v. S. Cohen, Defendant in Error.

### Gen. No. 23,672.

1. EXECUTORS AND ADMINISTRATORS, § 612a*—*right of administrator de son tort to sue.* An administrator *de son tort* may institute an action at law.

2. EXECUTORS AND ADMINISTRATORS—*when acts of administrator de son tort validated.* Letters of administration granted to an administrator *de son tort* usually relate back to the death and validate acts of the administrator prior to their issuance.

3. EXECUTORS AND ADMINISTRATORS—*what acts of administrator de son tort validated by letters of administration.* Acts done by an administrator *de son tort* which are of benefit to the estate and prevent the running of the statute of limitations are validated by the subsequent issuance to him of letters of administration.

4. EXECUTORS AND ADMINISTRATORS, § 23*—*letters of administration as evidence of administrator's right.* Letters of administration are not the foundation of the administrator's right, but are merely evidence of that right.

5. DEATH, § 30*—*what is nature of statutory requirement for bringing action for within one year.* The time fixed for bringing an action for personal injuries under Hurd's Rev. St. ch. 70, secs. 1, 2 (J. & A. ¶¶ 6184, 6185), is not a statute of limitations, but is a condition of the liability, and operates as a limitation of the liability itself and not of the remedy alone.

6. DEATH, § 30*—*what does not bar running of statute relating to time of commencement of action for.* Under the Personal Injuries Act (Hurd's Rev. St. ch. 70, secs. 1, 2, J. & A. ¶¶ 6184, 6185), which creates a right of action unknown to the common law and provides that suit must be brought "by and in the names of the personal representatives" within a period of one year, suit must be brought by such representative within the time fixed, and the institution of suit by an administrator *de son tort* within that time is not sufficient to bar the running of the statute, even though letters of administration were issued to him after the year had expired.

7. PLEADING, § 229*—*when judgment for defendant on pleadings is proper.* Where the demurrers to replications to pleas raise questions going to plaintiff's right to maintain the action, and it is made

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to appear that although there may be other issues of fact, upon the whole case, plaintiff has no cause of action, judgment may be entered for defendant on the pleadings without a trial upon the issues.

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed October 15, 1918. Rehearing denied November 26, 1918.

SAMUEL J. ANDALMAN, for plaintiff in error; JACOB ALLEN COHEN, of counsel.

HOLT, CUTTING & SIDLEY, for defendant in error; WILLIAM D. BANGS, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

On April 8, 1912, plaintiff in error brought suit against defendant in error in the Circuit Court of Cook county, Illinois, in an action on the case under the statute for the benefit of the next of kin on account of alleged negligence which caused the death of his intestate, a minor 19 years of age.

The declaration was in eighteen counts. To this declaration the defendant pleaded the general issue and the statute of limitations, and also filed special pleas which denied that the plaintiff was, or ever had been, duly appointed administrator of the estate of the deceased, and denied his right to maintain the action as such administrator.

Plaintiff replied to these pleas setting up matters by reason of which he alleged he was not barred, to which defendant filed general and special demurrers, which were sustained, and judgment for defendant against plaintiff for costs was entered upon the pleadings. The errors assigned are that the court sustained the demurrers and that it entered judgment against the plaintiff.

The facts disclosed by the pleadings are that plaintiff's intestate was injured April 5, 1911, and from

these injuries died on May 8th of the same year; that suit was begun by plaintiff in error on April 8, 1912, as administrator, to recover damages for these injuries and the declaration filed September 18th thereafter; that plaintiff had not at the time of beginning the suit been appointed administrator of the estate of the deceased, but had without authority from the court proceeded to administer upon it and became an administrator thereof *de son tort*; that more than one year after the death of the deceased, to wit, on the 25th day of November, 1912, the plaintiff was duly appointed administrator of the estate by the Probate Court of Cook county. The question is whether, upon these undisputed facts, he was entitled as administrator to maintain the suit.

Plaintiff in error was an administrator *de son tort,* and such an administrator may institute an action at law. *Hatch v. Proctor,* 102 Mass. 353; *Alvord v. Marsh,* 94 Mass. [12 Allen] at 604; *Riley v. Loughrey,* 22 Ill. 99; *In re Farrell's Estate,* 1 Tuck. Surr. (N. Y.) at page 111. When letters of administration are granted to an administrator *de son tort,* they will usually relate back to the death of the deceased and validate all prior acts of such administrator. *Alvord v. Marsh, supra; Hatch v. Proctor, supra; Doyle v. New York, O. & W. R. Co.,* 66 N. Y. App. Div. 398, 72 N. Y. Supp. 940; *Rohn v. Rohn,* 98 Ill. App. 514; *Chicago Title & Trust Co. v. Wheeler,* 119 Ill. App. 516; *Globe Accident Ins. Co. v. Gerisch,* 163 Ill. 631. These authorities further establish the doctrine as contended for by plaintiff in error that all acts done by such an administrator which are of benefit to the estate, and which prevent the running of the statute of limitations, are made valid by the subsequent issuance of letters of administration. The letters of administration are not the foundation of the administrator's right, but are merely evidence of that right.

If the only question involved in this case was one

which related to the plea of the statute of limitations, these rules of law would possibly be controlling. The pleadings, however, disclose that the action is one under the Personal Injuries Act, Hurd's Rev. St. ch. 70, secs. 1, 2 (J. & A. ¶¶ 6184, 6185), and it has been held by this court in *Chicago Bridge & Iron Co. v. La Mantia,* 112 Ill. App. 43, and recently by the Supreme Court of the State in *Carlin v. Peerless Gas Light Co.,* 283 Ill. 142, that the time fixed for bringing an action under the Injuries Act is not a statute of limitations, but, on the contrary, is a condition of the liability and operates as a limitation of the liability itself and not of the remedy alone.

Since the Injuries Act creates a right of action unknown to the common law, and as a condition to the right of action provides that the suit must be brought "by and in the names of the personal representatives" within the period of one year after the death of the person injured, it follows that if at the end of one year from the death of the deceased no suit has been brought by the personal representatives, the cause of action ceases to exist.

In this case suit was instituted within one year, but it was not instituted by the personal representative of the decedent. On the contrary it was a suit brought by one who wrongfully intermeddled with the assets of the intestate, and who had no right or authority to do so. When the year expired, the right of action ceased to exist. Authority thereafter acquired could not revive it.

To so hold would be an unwarranted extension of the doctrine of title by relation. It is admitted that this is a case of first instance and that no authority directly in point is to be found in the books, but a question analogous thereto has, we think, been decided in the case of *Hall v. Southern Ry. Co.,* 149 N. C. 108, 62 S. E. 899. The statute of North Carolina, like that of Illinois, made the cause of action conditional upon the

personal representative suing within one year from the death of the intestate. Plaintiff, a foreign administrator, sued under the statute within the year, but it was held he could not recover without taking out letters in North Carolina. He took out such letters after the expiration of the year, but it was held this was too late and that the cause of action was barred.

Appellant further argues that it was error for the court to enter judgment against the plaintiff; that he was entitled to a trial upon the issues. The demurrers to the replications to these pleas raised a question which went to the right to maintain the action, and judgment thereon was proper for the reason that it was made to appear that although there might be other issues of fact, upon the whole case, plaintiff had no cause of action. *Weiss v. Binnian,* 178 Ill. 241.

The judgment of the trial court will be affirmed.