Fecteau, J.
This is a claim by the plaintiff alleging a wrongful death through medical malpractice. The defendants challenge, by motions to dismiss, the capacity of the plaintiff to bring and maintain the above-captioned action, on the ground that upon the date of filing of the complaint she was not the duly appointed personal representative of the decedent and that another person, who had been previously approved by the Probate Court to be executor of the estate of the plaintiffs decedent, had not yet been allowed to resign. The plaintiff contends that her subsequent appointment as administratrix de bonis non ratifies her actions.
Clara Miles died on November 8, 1997. On January 28, 1998 the Probate Court appointed her son Richard Miles to be the executor of her estate. On October 11, 2000, the plaintiff, daughter of the deceased, mailed to the Superior Court clerk the complaint that began the case at bar, in which she named herself as administratrix de bonis non; the complaint was received and entered on October 12, 2000. On the same date, Richard Miles, the executor, apparently signed a petition to resign; this petition and the plaintiffs petition for appointment as administratrix de bonis non were filed in the Probate Court on November 3, 2000. On February 15, 2001, the Probate Court allowed the petition of Richard Miles to resign and appointed the plaintiff as administrator de bonis non. The within motions to dismiss were filed on August 21, 2001 by Daniel Steigman and on November 2, 2001 by Cavanaugh. [1] The motions were heard on November 5, 2001.
The personal representative of a deceased person is the only party qualified to bring an action under the wrongful death act. G.L.c. 229, §2. See Halett v. Town of Wrentham, 398 Mass. 550 (1986). The death action is prosecuted by the personal representative on behalf of the heirs at law but the proceeds, if any, are not assets of the estate. Notwithstanding the differences between the actions of an executor or administrator in settlement of an estate and in the prosecution of a wrongful death action, resort must be made to the law governing the appointment and powers of executors and administrators in order to determine the qualifications of the plaintiff and her capacity to sue.
“It is said that, if an executor de son tort obtains letters of administration pendente lite, it legalizes his previous tortious acts. 1 Williams on Executors (6th Ed.) 598, and cases cited. By the law of this state, as laid down by Hoar, J., in Alvord v. Marsh, 12 Allen [94 Mass.) 603 [1886], the letters of administration, by operation of law, make valid all acts of the administrator in settlement of the estate from the time of the death. They become, by relation back, lawful acts of administration for which he must account. And this liability to account involves a validity in his acts which is a protection to those who have dealt with him.” Hatch v. Proctor, 102 Mass. 351, 354 (1869).
The prosecution of a wrongful death action is different in kind from the settlement of an estate. However, the capacity to sue on behalf of the heirs at law of a decedent is not so different from the capacity to sue on behalf of an estate to require a different rule of law to govern capacity of a person, ultimately appointed to be an administrator, from that under recognized principles of the law concerning the qualifications of administrators in the settlement of estates. It may be true that had the motions of the defendant come before the court prior to the appointment of the plaintiff as administrator, the position of the defendants might have been more persuasive and compelling. It may also be true that such an event would have led to one or more amendments to the complaint regarding the identity of the plaintiff. However, such is not the case. The appointment of the plaintiff relates back at least to her action in commencing this lawsuit. The defendants’ motions to dismiss are denied.[2]

 On November 2, 2001 Cavanaugh filed a similar motion. *72 but on an emergency basis seeking joinder with that of Steigman that had been set for hearing for November 5, 2001. The court accepted the motion for joint hearing and gave the parties, primarily the plaintiff, additional time within which to respond to points and/or authorities raised by Cavanaugh that were different from those raised by Steigman. She filed an opposition to Cavanaugh’s motion on November 16, 2001.

 In her opposition to the motions of the defendants, the plaintiff seeks the imposition of sanctions against the defendants for having filed frivolous motions. The court does not find the motions to have been frivolous and denies the request for sanctions.